At the date of the agreement between the defendant and the Craftsmen's Life Assurance Company, the latter was an insurer upon the life of Joseph F. Hall, by three policies of $5,000 each, payable, in case of his death, to the plaintiffs. By the agreement mentioned, the defendant agreed to reinsure the Craftsmen's Life Assurance Company on all risks for which its policies were outstanding at that date; and, also, to assume all such policies, and to pay to the holders thereof all such sums as the said company might, by force of such policies, become liable to pay. Subsequently, and on the 23d of June, 1872, Hall died. The Craftsmen's Company, consequently, became liable to pay all its three policies; and the defendant, by force of its agreement, also became liable for the same amount to the plaintiffs, who demanded payment of the defendant on the 12th of September, 1872.
On the facts thus far stated, it is the settled law that the plaintiffs might maintain their action against the defendant on the three policies which, by its agreement, it had assumed. (Barker v. Bucklin, 2 Denio, 45; Lawrence v. Fox,20 N Y, 268; Burr v. Beers, 24 id., 178; Cooley v. HoweMach. Co., *Page 382 
53 id., 620.) Further facts appeared on which the defendant contended that its liability to the plaintiff was at least diminished.
Before the agreement between the defendant and the Craftsmen's Company, the latter had effected two policies of reinsurance on the life of Hall, each for $5,000, and in different companies. The Craftsmen's Company received, on one of these policies of reinsurance, $5,000, on the sixteenth of August, and on the other a similar amount on the third of October following.
We do not perceive that these facts diminish the liability of the defendant. The two reinsurances were not effected for the benefit of the plaintiffs, and they had no claim to the money paid on those policies to the Craftsmen's Company. The liability of that company to the plaintiffs, on their three policies issued by it, was unaffected by the fact that it had collected its reinsurance. (Blackstone v. Alemannia Fire Ins. Co., 1874, MSS.) This being so, the plaintiffs may still claim under the defendant's contract with the Craftsmen's Company. Nothing has transpired which diminishes the liability of the Craftsmen's Company on those policies, and that liability the defendant has assumed.
Whether the defendant has any right, as against the Craftsmen's Company, to demand and receive the money paid it on its two reinsurances is not a question now before us for decision, for with that question the plaintiffs have no concern. The payment of those moneys did not inure to the plaintiffs' benefit, and they had no lien upon or specific right to them, and the fact of such payment did not affect their right to resort to the defendant, under its contract with the Craftsmen's Company for their benefit.
The judgment must be affirmed.
All concur.
Judgment affirmed. *Page 383