By the Court.—Curtis, J.
The liability of the defendants depends upon the effect of the agreement entered into by the defendants with the Craftsmen’s Company, in reference to reinsuring, and assuming outstanding risks and liabilities. In the case of Cflen against the defendants (56 N. Y. 379) this same agreement came before the court of appeals for construction. Their decision clearly established the right of a policy holder of the Craftsmen’s Company to recover for any liability the defendants assumed as to such policy holder, though he was not a party to such agreement.
The Craftsmen’s Company violated its agreement with the plaintiff by transferring its assets to the defendants, and by incapacitating itself to continue its business, and refusing to fulfill its contract of insurance. If the defendants assumed any liability of that company to the plaintiff, such assumption was not prejudiced by the fruitless efforts and suits of the plaintiff to get back the premiums he had paid, and for which it does not appear that he ever received any valuable consideration from the derelict company. If *299 the plaintiff chose primarily to exhaust any remedy he might have by a judgment and execution against the Craftsmen’s Company, and by another suit in the nature of a creditor’s bill to reach its assets, and to which the defendants were a party, it may have added to his losses, but it does not show that he has waived his ultimate recourse against the defendants, if he has any, or that his claim has been passed upon already adversely, and is now res adjudicata.
The question to be here passed upon is narrowed to the inquiry whether the agreement of the defendants with the Craftsmen’s Company is broad enough to embrace the plaintiff’s demand. It is clear that the plaintiff is now remediless as one of that class of policy holders to whom, upon the surrender of their policies in the latter company, the defendants agreed to issue new policies of their own. If the plaintiff can now recover at all, it is under that provision of the agreement, where the defendants agree to pay the policyholders all such sums as the Craftsmen’s Company might by force of such policies become liable "to pay.
The words “by force” as used in that context, are synonymous with the words “by reason of” or “in consequence of.” Such was apparently the intention of the parties, and viewed in the light of the attending acts and circumstances, should justly be presumed to have been so used. The evidence in the case confirms this view of the meaning of the words.
The plaintiff’s claim upon the Craftsmen’s Company was purely in consequence of this policy; it arose from the obligations, express and implied, of that, and did not accrue to him as a general creditor, and his seeking to recover from them the premiums he bad paid when they violated their agreement to keep him insured, was not a disaffirmance of the policy. The violation of its terms in this respect, formed, as the *300 referee properly found, one of the very liabilities referred to and embraced in the agreement, and which the defendants by its terms assumed.
The judgment appealed from should be affirmed with costs.
Monell, Ch. J., concurred.