JOHANNES, Respondent, vs. THE PHENIX INSURANCE COMPANY OF BROOKLYN, N. Y., imp., Appellant.

*March 20 — April 6, 1886.*

*Insurance against fire: Action by policy-holder against reinsurer.*

The plaintiff held a policy of insurance in the Standard Fire Office of London. That company sold to the Phenix Insurance Company its entire business in the United States, and the good-will thereof, together with other property, and the latter company in consideration thereof "reinsured all the risks" of the Standard company upon property situated in the United States, and agreed that all losses arising under the policies of that company on such property should thereafter be borne by the Phenix company and be paid, satisfied, and discharged by it. *Held,* that the plaintiff could maintain an action against the Phenix company for a loss arising under his policy.

APPEAL from the Circuit Court for *Eau Claire* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order overruling a demurrer to the complaint for insufficiency as against the appellant. The complaint alleges, in effect, the incorporation of each of the defendants, and their right to do insurance business in Wisconsin; that July 1, 1883, the defendant the Standard Fire Office of London, Limited, for a premium or consideration then paid, insured the plaintiff's property, described

by an insurance policy in writing (No. 134,841), against loss or damage by fire, to the amount of $1,650, from July 1, 1883, to July 1, 1886. The complaint then contains the following allegations:

" And the plaintiff further alleges that subsequent to the making and issuing of said policy the defendant the *Phenix Insurance Company of Brooklyn, New York,* being desirous of acquiring and purchasing the business and good-will of its co-defendant herein, and the defendant the Standard Fire Office of London, Limited, aforesaid, being desirous of reinsuring its risks upon property in the United States of America, and having withdrawn from business in the United States, the said defendant corporations, on or about the 2d day of January, 1884, made and entered into an agreement in writing, duly executed under seal by each of said defendants, wherein and whereby, for a valuable consideration, the defendant the *Phenix Insurance Company,* aforesaid, reinsured all the risks of the defendant the Standard Fire Office of London, Limited, upon property situated in the United States of America, from 12 o'clock noon, in New York, on the 1st day of January, A. D. 1884; and agreed that all losses arising under the policies of the said defendant the Standard Fire Office, Limited, upon property situated in the United States of America should, after that time, be borne by the said *Phenix Insurance Company,* and should be paid, satisfied, and discharged by it; and received in part payment therefor an assignment of the $200,000 in bonds of the United States, which had been deposited by its co-defendant in the state of New York, as required by law, for the benefit and security of the policy-holders of its said co-defendant, the Standard Fire Office of London, Limited, residing in the United States; and thereby reinsured the risk upon the property mentioned in the policy hereinbefore described, and agreed that the loss of this plaintiff arising thereunder should be borne, paid, satisfied, and dis-

charged by said *Phenix Insurance Company,* which thereupon became owner of the good-will, original documents, and books of its co-defendant herein, relating to the risks aforesaid, and assumed control of the same, and of the business pertaining to said risks, policies, and losses."

The complaint further alleges, in effect, that July 4, 1884, and while said policy was still in force, the assured property was destroyed and lost by fire; that there was other insurance on the property in still other companies; that the plaintiff gave notice of loss to the defendants; that within thirty days he rendered a particular account of said loss as he was requested and required to do by them and their authorized agents and adjuster, at considerable trouble and expense to the plaintiff, and was informed by the defendant that no further proofs would be required; that thereupon the appellant denied its liability to pay said loss under said policy, and refused to pay the same, on the ground that the policy had been reported as written for one year only, instead of three years, and that it did not reinsure said risk; that the defendants had waived further notice or proofs of loss; that sixty days had elapsed before the commencement of this action, and since said notice and proofs of loss and the waiver of further proofs; that the plaintiff had performed all of the conditions of the policy on his part; that the proportionate amount which the defendants were liable to pay to the plaintiff was $1,402, with interest, for which amount he demands judgment.

*Levi M. Vilas,* for the appellant, to the point that the plaintiff was not a party to, and had no rights under, the contract of reinsurance, cited May on Ins. (2d ed.), secs. 11, 12; Wood on Fire Ins. sec. 382; *Herckenrath v. Am. Mut. Ins. Co.* 3 Barb. Ch. 63; 1 Phillips on Ins. 227; Flanders on Ins. 40; *Hastie v. De Peyster,* 3 Caines, 190; *Carrington v. Comm. F. & M. Ins. Co.* 1 Bosw. 152; *Strong v. Phœnix Ins. Co.* 62 Mo. 289; *Gantt v. Am. Cent. Ins. Co.* 68 id. 503;

*Hone v. Mut. S. Ins. Co.* 1 Sandf. 137; *S. C.* 2 N. Y. 235;. *Blackstone v. Alemannia Ins. Co.* 56 id. 104; *N. Y. State M. Ins. Co. v. Protective Ins. Co.* 1 Story C. C. 458; *Illinois Mut. Ins. Co. v. Andes Ins. Co.* 67 Ill. 362; *Comm. Mut. Ins. Co. v. Detroit F. & M. Ins. Co.* 38 Ohio St. 11.

*George C. Teall,* for the respondent.

CASSODAY, J.  A policy of fire insurance is a contract of indemnity. *Darrell v. Tibbitts,* L. R. 5 Q. B. Div. 560.  By such contract the insurer agrees to compensate the assured for loss by fire of certain property, for a given time.  The existence of such contract gives the insurer an insurable interest in the property insured, co-extensive with its liability. *Delaware Ins. Co. v. Quaker City Ins. Co.* 3 Grant's Cas. 71; *New York Bowery Fire Ins. Co. v. New York Fire Ins. Co.* 17 Wend. 359.  Here the Standard Fire Office of London insured the plaintiff's property for three years from July 1, 1883.  After doing so it became desirous of reinsuring its risks upon property in the United States, and withdrawing from business in the United States.  The *Phenix Insurance Company* of Brooklyn was at the same time desirous of acquiring and purchasing the business and good-will of the Standard Company.  Accordingly the two companies made the agreement set forth in the statement of facts, on January 2, 1884.  At that time the plaintiff's policy had two years and a half more to run.  Of course the Standard Company had an insurable interest in the plaintiff's property commensurate with its liability.  The agreement between the two companies, as alleged, was based upon a sufficient consideration.  Its validity is not assailed. The contention is that the contract between the two companies is confined strictly to them, and that the plaintiff under his policy issued by the Standard has no privity in the contract made by the *Phenix,* and can maintain no action thereon against the *Phenix.*  In other words, that it

was strictly a contract of reinsurance by the Standard Company, solely for its own benefit, and not for the benefit of any of its then existing policy-holders in the United States.

In support of such contention the learned counsel for the appellant cites several cases. Some of these cases, and perhaps some others, will now be considered, as the question may be regarded as new. In doing so we shall confine ourselves very much to the wording of each particular contract adjudicated, for the question presented is, after all, one of contract. The construction given to one contract may essentially aid the construction of another; but this is so only where the clauses of the two contracts to be construed are substantially alike. Some of the cases cited were upon contracts of strict reinsurance, as above defined, and clearly sustain the position of counsel, if the contract here is to be so restricted. *Hastie v. De Peyster*, 3 Caines, 190; *Herckenrath v. American M. Ins. Co.* 3 Barb. Ch. 63; *New York Bowery Fire Ins. Co. v. New York Fire Ins. Co. supra; Hone v. Mutual Safety Ins. Co.* 1 Sandf. 137; *S. C.* 2 N. Y. 235; *Carrington v. Commercial F. & M. Ins. Co.* 1 Bosw. 152; *Blackstone v. Alemannia Fire Ins. Co.* 56 N. Y. 104; *Strong v. Phœnix Ins. Co.* 62 Mo. 289; *Gantt v. American Cent. Ins. Co.* 68 Mo. 503; *Delaware Ins. Co. v. Quaker City Ins. Co. supra.*

Thus, in *Hone v. Mutual Safety Ins. Co. supra*, the defendant, by the policy of reinsurance, " promised and agreed to make good to the American Mutual Insurance Company all such loss or damage," etc. So, in the case cited in Bosworth the agreement was to " re-insure the American Mutual Insurance Company of Amsterdam upon the following policies issued by them, loss, if any, payable *to the assured* upon the same terms and conditions, and at the same time, as are contained in the original policies." A description of the several policies is then given. The court, at general term, said: " If the word '*assured*,' as used in this con-

## JANUARY TERM, 1886. 55

Johannes vs. The Phenix Ins. Co. of Brooklyn, N. Y., imp.

tract, means the party reassured, the present plaintiffs have no interest in the contract, and no right to maintain an action upon it; . . ." but "if the word '*assured*' does not mean the party 'reinsured,' and that party only, then it includes and embraces, not only the plaintiffs, but also nineteen other individuals and firms. By the contract of reinsurance the defendants took upon themselves the risks which the corporation reinsured had incurred by issuing twenty separate and distinct policies." The court then determined that the word "assured," as used, meant the company issuing the original policies and obtaining the reinsurance, and not any of such policy-holders. In *Blackstone v. Alemannia F. Ins. Co. supra*, the agreement was simply to reinsure the company, and the principal contention was whether the insurance was double under the peculiar wording of the policy. The same is true of *Owens v. Sturges*, 67 Ill. 366, and *Comm. Mut. Ins. Co. v. Detroit F. & M. Ins. Co.* 38 Ohio St. 11, cited.

But in the case before us the contract between the defendant companies was, as it seems to us, something more than a mere reinsurance. By that contract the Standard Company sold and turned over to the *Phenix* its entire business, and the good-will of that business, in the United States, together with a large amount of bonds and other property, in consideration of which the *Phenix* thereby "reinsured all the risks" of the Standard Company "upon property situated in the United States; . . . and agreed that *all losses* arising under the policies of the said defendant Standard Fire Office, Limited, upon property situated in the United States of America, should, after that time (January 1, 1884), *be borne* by the said *Phenix Insurance Company, and should be paid, satisfied, and discharged by it; . . .* and *agreed that the loss of this plaintiff* arising thereunder should *be borne, paid, satisfied, and discharged* by said *Phenix Insurance Company*, which thereupon *became owner* of the

good-will, original documents, and books of its co-defendant herein [the Standard Company] relating to the risks aforesaid, and assumed control of the same, and of the business pertaining to said risks, policies, and losses."

Such are the alleged terms of the contract we are required to construe. The losses thus arising under the policies could only "be borne, paid, satisfied, and discharged" by the *Phenix* in a direct transaction with the policy-holders. Even a payment by it of the amount of the loss to the Standard Company would not satisfy or discharge the plaintiff's claim for such loss on his policy. That could only be done on payment to the plaintiff. It seems to us that by the terms of the contract, as alleged, the *Phenix*, in effect, thereby assumed the risk covered by each policy, and agreed to pay any loss arising under each policy. The mere fact that the plaintiff was not named in the contract does not preclude him from maintaining an action upon the contract. Thus a policy "for whom it may concern," assures all persons having an insurable interest that are intended to be covered by it, whether known to the insurers or not. *The Sidney*, 23 Fed. Rep. 88. So, an agreement "to become insurer to C. for the benefit of himself and others having tobacco in store, and to be stored, in his warehouse, on said stock of tobacco," was held by this court sufficient to sustain an action on the contract against the insurer, and in favor of such "other" persons, though not named. *Strohn v. Hartford Fire Ins. Co.* 33 Wis. 648; *S. C.* 37 Wis. 617. In *Glen v. Hope Mut. Life Ins. Co.* 1 Thomp. & C. 463, *S. C.* affirmed, 56 N. Y. 379, the defendant had agreed with the Craftsmen's Assurance Company to reinsure the latter company on all its risks "for which policies of the said party of the second part [Craftsmen's Assurance Company] are outstanding at this date, and hereby agree to assure all such policies, and to pay the holders thereof all such sums as the party of the second part may, by force of such policies, be-

comes liable to pay, . . . · the liability for death losses to be limited to such deaths as may occur on and after this date;" and it was held that the defendant was liable on the contract of reinsurance directly to the several holders of policies for the whole amount insured thereby. The same doctrine, upon the same reinsurance contract, was reaffirmed in *Fischer v. Hope Mut. Life Ins. Co.* 40 N. Y. Super. Ct. 291; *S. C.* affirmed, 69 N. Y. 161. It seems to us that the contract of reinsurance in those two cases was substantially like the one at bar. Those actions in favor of such policyholders, upon such contract of reinsurance, were sustained upon the authority of *Lawrence v. Fox*, 20 N. Y. 268, and similar cases. That case has been expressly followed by this court. *Gray v. McDonald*, 19 Wis. 217. The same principle has frequently been reiterated by this court. *Putney v. Farnham*, 27 Wis. 187; *McDowell v. Laev*, 35 Wis. 171; *Bassett v. Hughes*, 43 Wis. 319; *Kollock v. Parcher*, 52 Wis. 399; *Hoile v. Bailey*, 58 Wis. 450–452; *Town of Platteville v. Hooper*, 63 Wis. 383. The principle thus sanctioned in these cases is to the effect that if, on the receipt of a good and sufficient consideration, A. agrees with B. to assume and pay a debt of the latter to C., then C. may maintain an action directly upon such contract against A., notwithstanding C. is not privy to the consideration received by A. We think the case at bar comes within the principle.

*By the Court.*— The order of the circuit court is affirmed.

See note to this case in 27 N. W. Rep. 418.— REP.