Southern States Fire Ins. Co. et al. *v.* Hand-Jordan Co.

[73 North. 578, Division A.]

1. INSURANCE. *Casualty insurance. Construction of policy. Defenses of suit. "Immediate notice."*

Under an employer's liability insurance policy, which provided that the insurer would at its own expense investigate all accidents and defend all suits of which notices were given to it and that immediate notice of any accident and of any suit resulting therefrom should be forwarded to it, where insured failed to give "immediate notice" of the accident, which means notice within a reasonable time under all the facts and circumstances but did give immediate notice of an intended suit against it about sixty days after the accident, which enabled the insurer to investigate the claim, in such case it was the insurer's duty to defend the suit at its own expense and when it failed to do so, it was the duty of the insured to defend the suit at the expense of the insurer.

2. INSURANCE. *Casulty insurance. Action by insured. Reinsurance.*

Where an insurance company contracted with another insurance company whereby it reinsured such other company, which had issued an employers' liability policy to plaintiff for all of its. outstanding liabilities, and agreed that any liability or expense under the former company's policies would be assumed and paid, such a contract was more than a contract of reinsurance and was made for the benefit of the insured and the insurance company which did not issue the policy directly to the insured, was. also liable to him.

3. INSURANCE. *Casuality insurance. Defense of suit. Liability.*

Under an employer's liability insurance policy requiring the insurer to defend any suit of which notice should be given, excepting liability for any expense incurred by insured not specifically authorized by the insurer in writing, where the insurer declined to defend a suit after notice, it was liable for the expenses incurred by the insured in his successful defense of such suit.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit by the Hand-Jordan Company against the Southern State Fire Insurance Company and the Florida Fire & Casualty Company. From a judgment for plaintiff, defendant appeals.

*U. B. Parker* and *J. F. Robinson,* for appellants.

*Tally & Mayson,* for appellee.

SYKES, J., delivered the opinion of the court.

In May, 1912, the Southern States Fire Insurance Company for a valuable consideration issued to the appellee company an employer's liability insurance policy for a period of one year. Under the terms of this policy the appellant company agreed to and did insure the appellee against loss— "imposed by law upon assured for damages on account of bodily injure, including death resulting therefrom, accidentally suffered by any employee or officer or employees and officers of

the assured while upon the premises or upon the sidewalks or other way immediately adjacent thereto.''

The limit of insurance in this policy was five thousand dollars on an accident to one person and ten thousand dollars on accident to more than one. The policy also contained the following provisions:

''In addition to these limits, however, the company will, at its own cost (court costs being considered part thereof), investigate all accidents and defend all suits, even if groundless, of which notices are given to it as hereinafter required, unless the company shall elect to settle the same.''

''Immediate notice of any accident and of any suit resulting therefrom, with every summons or other process, must be forwarded to the home office of the company, or to its authorized representative.

''The company is not responsible for any settlements made or any expenses incurred by the assured, unless such settlements or expenditures are first specifically authorized in writing by the company, except that the assured may provide at the time of the accident at the expense of the company, such immediate surgical relief as is imperative.''

A short time thereafter the Southern States Fire Insurance Company entered into a contract with the other appellant, the Florida Fire & Casualty Company, whereby the Florida Company reinsured the Southern Company for all of its outstanding liabilities, and also agreed as follows:

''For the consideration aforesaid, it is hereby further agreed by and between the parties hereto that any loss, liability, or expense under the terms or on account of said policies now existing, or occurring hereafter under the policies issued by the Southern States Fire & Casualty Insurance Company to twelve o'clock noon of June 15, 1912, according to its policy registers and other records, the Florida Fire & Casualty Insurance Company of Jacksonville, Florida, agrees and obligates

itself to assume and pay, and in the event there shall arise any dispute or difference over the amount of damage, loss, or expense, or should any litigation arise by reason thereof where the Southern States Fire & Casualty Insurance Company shall be called upon to answer for any loss, damage, or expense, the said Florida Fire & Casualty Insurance Company agrees to indemnify and hold harmless the said Southern States Fire & Casualty Insurance Company and to pay any and all expenses, losses, or damages that occur to the said Southern States Fire & Casualty Insurance Company by reason thereof.''

On the 13th day of December, 1912, while this indemnity policy was in full force and effect, and after the contract was made between the two appellants, one Louis Purvis, an employee of the appellee company, claimed to have been injured. He was sent to a physician by the appellee company, and later on by it was given his full wages as compensation for the time he was disabled from duty. No report of this injury was made to either of the appellant companies at that time. Later on Purvis placed his claim against the appellee company for personal injuries in the hands of attorneys for settlement or suit, and the appellee company was given notice by these attorneys to this effect. Immediately upon this notice from the attorneys, which was about sixty days after the happening of the accident, the appellee company notified the Southern Company of the injury. The Southern company immediately notified the Florida Company of the injury, and an agent of the latter, with an attorney, went to Purvis and made an investigation of the facts relating thereto. Before his investigation was made suit had been instituted against the appellee company by Purvis. Notice of this suit was immediately given to the Southern Company by the appellee. After this investigation by the agents of the appellant companies these companies declined to defend the lawsuit, claiming that appellee had breached that

provision of th contract which required that immediate notice be given to the appellant company of the happening of any accident. The appellee was therefore compelled to employ attorneys to properly defend the suit. The suit was duly tried and verdict and judgment rendered in favor of the defendant company. The attorneys' fees and other necessary expenditures of the appellee in defending the suit of Purvis amounted to nine hundred eighty-one dollars and five cents. The present suit was filed in the circuit court of Lamar county against these two defendants (appellants here) to recover the above amount of money expended by the appellee in accordance with that provision of the policy above quoted which in effect provides that the insurance company will at its own instance investigate all accidents and defend all suits on which notice is given to them as hereinafter required. It is unnecessary for us to set out in detail the pleadings in the case. The appellant companies denied liability, first, on the ground that the appellee company had failed to give them immediate notice of the happening of the accident, and that this failure absolved them from any liability whatever. The Florida Company, before the pleas were filed, made a motion to dismiss the case as to it because it had only reinsured the Southern Company and was not directly liable to the appellee here. It was also contended that neither of the appellants was liable in this case, because the expenditures of money in defending the suit of Purvis were not specifically authorized in writing as provided by a clause in the insurance policy above quoted.

The principal contention of the appellant companies in this case is that the failure of the appellee company to give them immediate notice of the accident absolutely absolves them from all liability in this case. They cite a vast number of authorities to the effect that, where as a condition precedent to a recovery in a policy of insurance it is required that immediate notice of

the happening of the accident be given to the insurance
company, then no recovery .can be had unless this no-
tice is given; that the phrase "immediate notice" sim-
ply means notice given within a reasonable time under
all the facts and circumstances of the case. They fur-
ther cite various cases showing that periods of time
varying from fifteen to twenty-five and thirty days are
unreasonable delays as a matter of law for which no
recovery could be had. These cases, however, are not in
point with the case at bar, for the reason that in the
policy here in question the loss or indemnity provides
absolutely for the payment up to the limits named for
losses caused by accidents to employees. The clauses
with reference to the notice apply as conditions pre-
cedent to cases for the recovery of . damages and ex-
penses: First, incident to the investigation of an ac-
cident; second, incident to the investigation and· de-
fense of a lawsuit. The policy provides that:

"Immediate notice of any accident and of any suit re-
lating therefrom . . . must be forwarded to the
home office of the company."

Another section provides that:

The "company will at its own expense investigate
all accidents and defend all suits of which notices are
given to it."

This clause of the policy expressly makes the com-
pany liable: First, for all expenses incurred in investigat-
ing an accident of which it was given immediate notice
and which it declined to investigate; and, second, makes
it liable for all expenses incurred in defending all suits of
which immediate notice was given to the company.
The case at bar is a suit for expenses incurred in defend-
ing the suit of an employee. Immediate notice was given
to the company as soon as this suit was brought. There-
fore, it was the duty of the company under this policy
to have defended the suit at its own expense. When
it failed to so defend this suit then it was the duty of
the appellee to do so at the expense of the insurance com-

pany. In the case of the *Hope Spoke Co.* v. *Maryland Co.,* 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268, which was a suit on a policy of indemnity insurance containing the identical clauses in question here, the supreme court of Arkansas in a well-considered opinion fully discusses the questions herein involved. After that case was decided, and in response to a petition for a rehearing, Chief Justice McCulloch, of that court, in construing the provision requiring notice, has the following to say:

. "The provision for notice refers to two subjects, notice of the accident and notice of suit. The contract makes the right to recover costs and expenses of defending a suit depend as a condition precedent on the giving of notice of suit. It is undisputed in this case that notice of suit was promptly given, therefore the right to recover costs and expenses of suit is established."

The above case is cited and quoted from with approval in the case of *Employers' Liability Life Insurance Co.* v. *Jones County Lumber Co.,* 72 So. 152. We therefore conclude that the notice of the suit was immediately given as required by the policy.

It is next contended by the appellant that the motion to dismiss as to the Florida Fire & Casualty Company should have been sustained because this was only a contract of reinsurance, and that this company did not become liable to the Hand-Jordan Company under said policy. The policy is more than a policy of reinsurance, because it expressly provides that the Florida Company agree and obligates itself to assume and pay any loss or liability or expense under the terms of the existing policies of the Southern Company. This contract between the two insurance companies is similar to the one discussed in the case of *Barnes* v. *Fire Insurance Co.,* 56 Minn. 38, 57 N. W. 314, 45 Am. St. Rep. 438. In that case the court has the following to say:

"It will be conceded that the agreement between the two companies set out in the answer is not merely a contract of reinsurance, but also to pay, and assume the payment of, losses of parties indemnified by policies issued by the defendant company reinsured. Reinsurance is a mere contract of indemnity, in which an insurer reinsures risks in another company. In such a contract the policy holders have no concern, are not the parties for whose benefit the contract of reinsurance is made, and they cannot, therefore, sue thereon. But the agreement alleged in this case is not a mere reinsurance of the risks by the reinsurer, but it embraces also an express agreement to assume and pay losses of the policy holder, and is therefore an agreement upon which he is entitled to maintain an action directly against the reinsurer; *Johannes* v. *Phenix Ins. Co.*, 66 Wis. 50 (27 N. W. 414). 57 Am. Rep. 249."

This case is similar to that of *Ruohs* v. *Traders' Fire Insurance Co.*, 111 Tenn. 405, 78 S. W. 85, 102 Am. St. Rep. 790. In that case, after going very fully into the authorities, the supreme court of Tennessee held that the contract between the two insurance companies was made for the benefit of the assured, and that the insurance company which did not issue the policy directly to the insured was also directly liable to him.

It is next insisted by the appellants that they are not liable in this case because they did not authorize in writing the expenses incurred in defending the lawsuit as is provided in that clause of the policy above set out in full. There is nothing whatever in this contention. A complete answer to it is the following quotation from the opinion of the court in the case of the *St. Louis Dressed Beef & Packing Co.* v. *Maryland Casualty Co.*, 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712:

"The defendant by its abdication put the plaintiff in its place with all its rights. . . . The substance of the promise is to pay a loss which the plaintiff shall have been compelled to pay, after such precautions and

with such safeguards as the defendant may insist upon. It saw fit to insist upon none. . . . If the defendant kept its contract, it would defend the suit, and the plaintiff would have no duties. If it refused to do as it has promised, we cannot think that it was entitled to complain that the plaintiff did not do it when the interest of both was the other way.''

In the case at bar the Purvis suit was not only defended by the appellee company, but was successfully defended by them. We find no reversible error committed in the trial of this cause in the court below, and the judgment of the lower court is hereby affirmed.

*Affirmed.*