EMANUEL MEYER, RESPONDENT, v. NATIONAL SURETY COMPANY, APPELLANT.

Submitted November 8, 1916—Decided March 6, 1917.

1. It is competent, for a reinsuring company to agree to be directly liable, to a policy holder, by the terms of the reinsurance agreement. In this case, the defendant company became directly liable to the plaintiff. A complaint, with the reinsurance agreement attached and made a part thereof, which alleges that the defendant company assumes all liabilities, &c., is sufficient.

2. A suit in the District Court between the same parties, to recover a balance due under a contract, is not *res adjudicata*, in a suit to recover for damages exceeding $500, on a bond against the surety of the contract.

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and BLACK.

For the respondent, *Edward R. McGlynn.*

For the appellant, *Gross & Gross.*

The opinion of the court was delivered by

BLACK, J. The plaintiff sued the defendant company in the Essex Circuit Court upon a bond and reinsurance agreement. The trial resulted in the direction of a verdict for the plaintiff, by the court, for the sum of $826.50. An exception being noted, the propriety of the court's ruling is now before this court on appeal. The grounds of appeal, in brief, are the plaintiff's complaint discloses no cause of action, a judgment of the District Court is *res adjudicata* of the subject-matter of this suit, the court erred in refusing to direct a verdict in favor of the defendant, and also erred in directing a verdict in favor of the plaintiff. The case being somewhat complicated, a statement of the facts is essential, to a clear understanding of the points in the case under review. The plaintiff, as owner of certain buildings in East Orange, made a contract in writing with the Guarantee Waterproofing and Construction Company, to make the cellars watertight, for the sum of nine hundred dollars ($900), with an agreement to furnish a three years' maintenance bond, in the sum of nine hundred dollars ($900). Such maintenance bond was furnished by the Empire State Surety Company. Thereafter the Empire State Surety Company entered into a reinsurance agreement with the National Surety Company, the defendant, whereby the latter company assumed the liability of the former company, agreed to take its place and to fulfill all the obligations of the Empire State Surety Company. The proof showed, that up to the date of the bringing of the suit, the cellars of the buildings were not watertight, notice of the fact being given to the construction company and both surety

companies.   No repairs having been made, the plaintiff brought suit, claiming damages.   A motion was made to strike out the complaint and for a judgment for the defendant, which was denied by the Circuit Court, in a decision filed by the court December 16th, 1915.   This motion was renewed at the opening of the case at the trial and again denied, repeated at the close of the case, on a motion to direct a judgment in favor of the defendant.   The basis for these motions are practically the same as those set forth in the first ground of appeal before this court, viz., the plaintiff's complaint discloses no cause of action.

Some other important facts are that on July 30th, 1913, the plaintiff instituted a suit against the defendant company in the Essex Circuit Court.   On motion, the complaint in that case was stricken out.   On July 29th, 1914, on grounds that are not involved in the present discussion, the defendant company sued the plaintiff in the First District Court of Newark to recover $300, the balance due the construction company under the agreement between that company and the plaintiff.   The contract having been assigned to the National Surety Company January 5th, 1914, judgment was entered in that case for the plaintiff, in the sum of two hundred and twenty-six dollars and fifty cents ($226.50).   This raises the second ground of appeal, viz., that the suit in the District Court of Newark is *res adjudicata* of this suit.   The suit under appeal was commenced December 12th, 1914.   There is no ground of appeal challenging the correctness of the amount of the judgment, nor is it made the subject of argument in the appellant's brief.

It would serve no useful purpose to pursue the points of the appellant in detail, or to follow the elaborate brief filed in support of the first ground of appeal, viz., that the plaintiff's complaint discloses no cause of action.   The complaint alleges that the defendant company assumed all liabilities under all the bonds given by the Empire State Surety Company, in accordance with the terms of an agreement made between the National Surety Company and the Empire State Surety Company; that by virtue of the reinsurance agree-

ment, which is annexed to and made a part of the complaint, the National Surety Company became liable to the plaintiff.

When a company reinsures all the risks and agrees that all losses ensuing under the policies shall be borne, paid and satisfied by the reinsuring company, it has been held, that a policyholder in the first company might maintain an action against the reinsuring company to recover a loss on property covered by a policy of the first company. *Johannes* v. *Phœnix Insurance Co. of Brooklyn,* 66 *Wis.* 50; 1 *May Ins.,* § 12; *Rich. Ins.* (3d ed.) 445; 14 *R. C. L.* 1452, § 618; 10 *L. R. A.* 424; 8 *L. R. A.* (*N. S.*) 862. It is always competent for the reinsuring company to agree to be directly liable to the original policyholder, as we read the reinsurance agreement—that is what the defendant company in this case agreed to do. The case cited by the appellant in our Court of Errors and Appeals, *Styles* v. *Long Company,* 70 *N. J. L.* 301, has no application to the facts under discussion.

By the reinsurance agreement the National Surety Company agrees to fulfill all the obligations of the Empire State Surety Company under the bonds and policies thereby reinsured against loss, as above stated, and agrees to adjust all claims arising under any of such bonds and such policies at its own expense, and to pay all valid claims arising as aforesaid, under said bonds and policies in accordance with their terms and conditions, &c. If the reinsurer assumes the risk, he may be sued directly by the original insured. 8 *L. R. A.* (*N. S.*) 862.

The fact that there was no schedule annexed to the reinsurance agreement or to the complaint, and that there is nothing to show that the bond in suit was one of those mentioned in the schedule, or covered by the reinsurance, is not important. If such be the fact, the burden of proving that fact is on the defendant.

The next point urged, and the only other one that needs any discussion, is, that the judgment of the First District Court is *res adjudicata* of the subject-matter of this suit— that is, that this precise controversy was definitely settled by the judgment of the District Court of Newark, and having

been once decided is finally decided. 7 *Words & Phrases* 6126. This cannot be so. The jurisdiction of District Courts, by statute, is limited to $500. The Court of Errors and Appeals held, that the District Court cannot entertain jurisdiction of a notice of recoupment that claims more than $500. *Ward* v. *Hauck,* 87 *N. J. L.* 198. This disposes of this point adversely to the appellant. There being no facts proved by the defendant, which raise an issue of fact for the jury to decide on the question of liability, the correctness of the amount of the judgment not being challenged, and therefore not considered, and finding no error in the record, the judgment of the Circuit Court is therefore affirmed.