## No. 9575.

### THE PEOPLE EX REL. *v*. NATIONAL SURETY COMPANY.

BOND OF EXECUTRIX—*Liability of Surety.* A surety company which was surety on the bond of an executrix having failed, the defendant, another surety company, agreed with the first to fulfill all its obligations under the bonds hereby assumed, and pay all valid claims arising under said bonds in accordance with the terms and conditions thereof. *Held* an action upon the bond by the administrator of the estate, appointed after the removal of the executrix, might be maintained against defendant for an indebtedness of the executrix to the estate.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. ROBERT H. KANE, for plaintiffs in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS case was determined upon a general demurrer to the amended complaint of the plaintiffs in error, plaintiffs below. The demurrer was sustained, and the plaintiffs elected to stand upon their complaint. Judgment was rendered for the defendant, the National Surety Company.

The amended complaint alleged that one Ozetta Marshall was the duly qualified executrix of the estate of Dillie S. Aldrich, deceased, pending in the County Court of the City and County of Denver; that in compliance with the order of the County Court, the said executrix entered into a bond in the sum of $3,500.00 with the United Surety Company, conditioned upon the faithful performance of her duties as such executrix; that on or about the 13th day of January, 1911, the said United Surety Company failed or went into voluntary liquidation, and that at such time, the said United Surety Company entered into a written contract and agreement with the Empire Surety Company, whereby, for a valuable consideration, the latter company promised and agreed to and did become liable upon the said bond, and to

assume and pay all obligations, debts and losses which might accrue or become payable upon said bond to the full extent' thereof, and that by said agreement the said Empire State Surety Company became entitled to have and collect the future premiums to become due and payable by said executrix upon said bond.

It is further alleged that on the 18th day of September, 1912, the said Empire State Surety Company either failed or went into voluntary liquidation, and on said date, "the said Empire State Surety Company and the National Surety Company, the defendant herein, entered into a written contract and agreement whereby the said National Surety Company promised and agreed to take over the surety business, to-wit, the surety bonds upon which the said Empire State Surety Company was liable in the State of Colorado, among which was the bond and obligation of the said executrix in the said estate of Dillie S. Aldrich, deceased, and to assume and become liable upon the said bond of said executrix, and to assume and pay all obligations, debts and losses which might accrue or become payable upon said bond of said executrix in the event of the default of the said Ozetta Marshall as said executrix, to the full amount of $3,500.00; that thereupon the said National Surety Company became entitled to have and collect the future premiums to become due and payable by said executrix upon said bond; that a full, true and complete copy of said written contract and agreement, together with that list or bordereau embracing the memorandum of the said bond of the said executrix hereinbefore described and referred to, duly certified to by the office of Commissioner of Insurance of the State of New York is hereto attached, marked "Exhibit B", and to which reference is hereby made for greater information and particularity."

It is also alleged that "as a part of the consideration for which the said National Surety Company promised and agreed to and with the Empire State Surety Company to assume and agree to pay any indebtedness or loss that might accrue because of the default of said executrix, the

said National Surety Company proceeded to collect and did collect the future premiums upon said bonds which the said executrix was bound and obligated to pay."

It is then alleged that on the 3rd day of September, 1913, the defendant, the National Surety Company, filed its petition in the County Court, asking that it be discharged from liability on said bond because of failure of the executrix to pay to it the premiums due on said bond, which petition in language admits its liability on the bond sued on. A copy of this petition is embodied in the complaint.

It is further alleged that the defendant failed to prosecute said petition to be released, because of the payment of such defaulted premiums by the executrix, which defendant accepted.

Further, that the County Court, on the 26th day of April, 1918, ordered the said executrix to make an accounting and settlement of the matters and things involved in the said estate and to report the amount in her hands for distribution; further, that on the 20th day of May, 1918, the court found the executrix to be in default and adjudged her to be indebted to the estate in the sum of $4,171.32, and ordered said sum to be distributed; that the executrix failed to comply with such order and for such reason the court removed such executrix, and thereupon the plaintiff in error, Robert H. Kane, was duly appointed and qualified as executor.

The complaint alleges demand and refusal to pay upon the part of the defaulting executrix.

There seems to be but one contention of the defendant in error that requires consideration. The contract of the defendant in error with the Empire State Surety Company is set out in full as an exhibit, and made a part of the complaint. The contention is that the contract is a strict reinsurance agreement, one for indemnity only with the Empire Company, and the original assured has no right of action against the reinsurer.

To sustain this contention, the defendant in error relies chiefly upon the case of *Allemannia Fire Insurance Co. v.*

*Fireman's Insurance Co.*, 209 U. S. 326, 52 L. Ed. 815, 28 Sup. Ct., 544, 14 Ann. Cas. 948.

From a careful study of that case we are not able to see how or in what way the contention of the defendant in error receives support. The action in that case was by the original insurer company to recover from the reinsuring company certain losses. The original insurer was insolvent and had not paid the losses and it was contended that the action would not lie under a contract of reinsurance until such losses had been paid by the reinsured company. It was held that: "The liability of the reinsurer is not affected by the insolvency of the reinsured company or by the inability of the latter to fulfill its own contracts with the original insured; and in this case the compact, notwithstanding it refers to losses paid, will be construed to cover losses payable by the reinsured company; and, in a suit by the receiver of that company on the compact, the fact of its insolvency and non-payment of the risks reinsured does not constitute a defense."

The doctrine of reinsurance as there announced may not be questioned. It is contended here that the contract before us is one of strict reinsurance and must be so treated. But a contract of such character, whatever it may be termed, must be construed in the light of its provisions, whatever be its designation, as in the case of any other contract.

As was said in *Goodrich and Hicks Appeal*, 109 Penn. St. 530: "The proper significance of these terms would, of course, vary with the clearly manifested intentions of the parties."

While the contract of the National Surety Company, defendant, with the Empire State Surety Company does contract and "agree to repay to the Empire State Surety Company", yet by the terms of such contract, the National Surety Company further agrees: "To fulfill all the obligations of the Empire State Surety Company under the bonds and policies hereby reinsured against loss as above stated, *   *   *   and to pay as aforesaid, all valid claims

arising as aforesaid under said bonds and policies in accordance with their terms and conditions occurring after August 22, 1912, at 4 o'clock p. m."

And again: "The Empire State Surety Company hereby transfers to the National Surety Company all its rights, interests, powers and privileges under all such bonds and policies so that the National Surety Company may act thereon in all respects as if it had itself issued such bonds and such policies."

And further: "It being the intention of this agreement that the National Surety Company shall take the place of the Empire State Surety Company as to all such unexpired bonds and all such unexpired policies in all respects with regard to all obligations therein and for loss thereunder."

In these provisions of the contract will be found an express promise to pay all valid obligations of the Empire State Surety Company under the bonds and policies reinsured in accordance with their terms and provisions, and it is expressly declared to be the intention of the National Surety Company to take the place of the Empire State Surety Company as to all such, in regard to all obligations therein and for losses thereunder.

In such case the insured may sue the reinsurer directly, and his right of action against the reinsured is merely cumulative.

It was said in *Barnes v. Hekla Fire Insurance Co.,* 56 Minn. 38, 57 N. W. 314, 45 Am. St. 458: "It will be conceded that the agreement between the two companies set out in the answer is not merely a contract of reinsurance, but also to pay, and to assume the payment of, losses of parties indemnified by policies issued by the defendant company reinsured. Reinsurance is a mere contract of indemnity, in which an insurer reinsures risks in another company. In such a contract the policy holders have no concern, are not the parties for whose benefit the contract of reinsurance is made, and they cannot, therefore, sue thereon. But the agreement alleged in this case is not a mere reinsurance of the risks by the reinsurer, but it embraces also an

express agreement to assume and pay losses of the policy holder, and is therefore an agreement upon which he is entitled to maintain an action directly against the reinsurer. *Johannes v. Phenix Ins. Co.,* 66 Wis. 50, 27 N. W. 414."

See also *Ruohs v. Ins. Co.,* 111 Tenn. 405, 78 S. W. 85, 102 Am. St. 790, 57 Am. Rep. 249, *Glen et al. v. Hope Mutual Ins. Co.,* 56 N. Y. 379.

We think that the complaint sufficiently states a cause of action against the defendant. The judgment is reversed with instructions to proceed in accordance with the views herein expressed.

*Reversed.*

Garrigues, C. J. and Denison, J. concur.