# HELEN MADDY v. NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA.[1]

July 20, 1923.

No. 23,510.

**Rider not a contract of reinsurance but contract with insured.**

1. The rider or supplemental contract by which defendant assumed as its own the contract of insurance in controversy and agreed with the policyholder to perform all the obligation thereof, was not a contract of reinsurance, but a direct contract between defendant and the policyholder.

**Not a novation.**

2. The contract in question did not create a novation of parties for the original insurer was not a party to it.

**Policyholder's right against insurer not lost.**

3. The policyholder did not waive or lose her rights against the original insurer by making this contract, but could enforce her claim under either contract.

**Recital of consideration.**

4. The recital of a consideration was prima facie evidence thereof.

**Parol evidence of terms of written contract excluded.**

5. The court correctly excluded parol evidence of the terms of a written contract.

Action in the district court for St. Louis county to recover $330 upon a disability insurance policy. The case was tried before Fesler, J., who when plaintiff rested denied defendant's motion to dismiss, made findings and ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Thomas A. Gall* and *J. B. Boyer*, for appellant.
*William E. Tracy*, for respondent.

[1]Reported in 194 N. W. 880.

TAYLOR, C.

Plaintiff brought this action to recover from defendant a balance claimed to be due under a policy issued by the American Bonding & Casualty Company insuring her against disability caused by illness. The trial court found as a fact that defendant "for a valuable consideration, assumed as of twelve o'clock noon, June 1, 1920, said contract of insurance as its own and agreed with said plaintiff that it would perform all the obligations thereof in the place and stead of the American Bonding and Casualty Company," and directed judgment in favor of plaintiff. Defendant appealed from an order denying a new trial.

The controlling question in the case is whether the above finding is sustained by the evidence. That the policy was in full force and effect at the time the disability occurred is conceded, and the amount to which plaintiff is entitled thereunder is not disputed. Plaintiff resided at Duluth where she was employed as a bookkeeper. The policy was issued to her in September, 1919, by the American Bonding & Casualty Company through E. J. McLeod, its agent at Duluth. On June 14, 1920, she became ill and notified McLeod who furnished her blanks on which to make the required initial proof of claim. She made this proof and delivered it to McLeod who forwarded it to the bonding company within a week after she became ill. By the terms of the policy she was entitled to an indemnity of $60 per month during the period of disability, not exceeding 12 months, and was required to furnish monthly reports from her physician stating her condition. On receiving the original proofs the bonding company sent her a draft for the indemnity for the first month. During the next 6 months McLeod furnished her blanks for the monthly reports, which were duly filled out and delivered to McLeod who forwarded them to the bonding company, and, as each was received, the bonding company sent her a draft for the indemnity for the month covered by it. Six drafts were duly paid; the seventh was returned unpaid for the reason that the bonding company had gone into the hands of receivers.

In a letter mailed to plaintiff dated June 28, 1920, defendant company wrote:

"We have forwarded to you an assumption of risk rider to be attached to your policy which is all that will be required for you to continue your old policy and have your insurance backed by a company that has seventeen and one-half millions of assets and has been doing business 51 years."

The rider inclosed reads as follows:

"For valuable consideration, the National Life Insurance Company of the United States of America does, as of twelve o'clock noon, June 1st, 1920, hereby assume as its own contract insurance policy No. 77699, issued or assumed by the American Bonding and Casualty Company to Helen Maddy, and agrees with the holder of said policy that it will perform all the obligations thereof in the place and stead of the American Bonding and Casualty Company.

A. M. Johnson, President.

Chicago, Ill., June 1st, 1920.

This supplemental agreement should be attached to the above mentioned policy and preserved with it."

On receiving this letter and rider, plaintiff at once attached the rider to the policy as directed. The general agent of the bonding company notified defendant that plaintiff had been taken seriously ill, and on July 15, 1920, defendant wrote plaintiff:

"We have report of your illness of June 14th, and are inclosing herewith final proof blank and employer's certificate for use in completing the claim. These blanks are to be filled out and returned when you are ready to close the claim, and it would be well, at that time, to forward your policy and receipt book, as you have been advised that our company has reinsured your policy, and if you will send the policy and receipt book it will materially assist us in disposing of your claim, and these will be returned to you at once.

"I am also inclosing a second preliminary, or thirty-day report blank, and if you are not ready to submit your final proof at this time, please let us have the inclosed thirty-day report, so that our records will be complete and we may give the matter proper attention."

In answer to subsequent letters insisting that plaintiff must file reports as required by the policy, plaintiff wrote, on August 28, 1920, that she had mailed the monthly reports for July and August to McLeod and had received a check for each month. On September 8, 1920, defendant acknowledged receipt of this letter and wrote that it had not received any of the monthly reports nor made any of the payments. Nothing further took place between the parties until after the bonding company went into the hands of receivers. Thereafter McLeod, as plaintiff's representative, took up with defendant the matter of paying the remainder of the indemnity due plaintiff under the policy. Defendant sent him the blanks to make final proof for the remainder due. These blanks were duly filled out and forwarded to defendant; but defendant denied liability on the ground that plaintiff had refused to accept its offer to assume the contract. This suit followed.

Defendant contends, in substance, that by tendering the contract evidenced by the rider, defendant in effect made an offer to plaintiff to become substituted as insurer in the place and stead of the bonding company; that plaintiff was required to elect whether she would accept defendant as such insurer in lieu of the bonding company, or would continue to hold the bonding company as the insurer, and that plaintiff by continuing to make reports to, and accept payments from, the bonding company elected to hold that company instead of defendant. Plaintiff insists that she accepted the contract embodied in the rider, but that such acceptance did not release the bonding company from its obligations under the policy and that she has the right to recover from either or both companies.

The contract evidenced by the rider is not a contract of reinsurance as that term is usually understood, but a direct contract between defendant and plaintiff by which defendant, for a valuable consideration, took upon itself and agreed to perform the obligations imposed upon the insurer by the policy. Barnes v. Hekla Fire Ins. Co. 56 Minn. 38, 57 N. W. 314; also cases cited in note in Ann. Cas. 1914A, 1145. It did not create or constitute a novation of parties to the policy, for the bonding company was not a party to it so far as the record discloses, and a novation could not be effected without

the consent of that company. 21 Am. & Eng. Enc. 666, and cases there cited. Hanson v. Nelson, 82 Minn. 220, 84 N. W. 742; Johnson v. Rumsey, 28 Minn. 531, 11 N. W. 69; Cornwell v. Megins, 39 Minn. 407, 40 N. W. 610. It appears that a contract of some sort existed between defendant and the bonding company, but that contract is not in evidence and none of its terms or provisions were proven, and plaintiff never received any information concerning the arrangement between the two companies. The only information given her was the statement in the above letter that defendant had reinsured her policy.

As there was no novation of parties, plaintiff, by accepting defendant's proposition and entering into the contract evidenced by the rider, did not waive or lose her right to enforce against the bonding company the contract made by that company, and was not required to elect whether she would hold one or the other of the two companies. She could pursue her remedy against either or both for such remedies were consistent and concurrent. Barnes v. Hekla Fire Ins. Co. 56 Minn. 38, 57 N. W. 314; Bell v. Mendenhall, 71 Minn. 331, 73 N. W. 1086. It follows that the finding of the court was justified by the evidence.

Defendant further contends that its contract was made without consideration and is void for that reason. It recites a consideration and such recital is prima facie evidence thereof and sufficient in the absence of evidence to the contrary. 1 Dunnell, Minn. Dig. § 1769.

Rulings excluding an unauthenticated copy of the written contract between defendant and the bonding company and parol evidence of the contents of that contract, are assigned as error but were clearly correct, as no foundation was laid for the admission of parol evidence and none of the terms of the contract had ever been communicated to defendant. The order appealed from is affirmed.