## FRANK H. LAWSON AND ANOTHER v. WALSTAD & PEARSON INVESTMENT COMPANY.[1]

June 7, 1929.

No. 27,376.

*Arthur H. Anderson,* for appellant.

*Brill & Maslon* and *Schwartz & Halpern,* for respondents.

STONE, J.

Action for goods sold and delivered wherein, after verdict for plaintiffs, defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

Defendant is a corporation and denies having purchased the goods. Its claim is that while they were sold by plaintiffs, and actually delivered and of the value claimed, the real purchaser was Safety Detachable Window Corporation. Both that concern and defend-

[1]Reported in 225 N. W. 725.

ant were under the management of Mr. Otto A. Walstad, president of both companies.

▪ There was an issue of fact as to which of the two corporations was the actual purchaser. The goods in question consisted of millwork, principally window sash, sold from June 7, 1922, to October 10, 1923, at a total price of $2,094.17. Credits of $1,170.62 make the balance $923.55, the amount in issue. Most of the credits are payments made by checks of the window corporation. But there is evidence that the goods were all billed against defendant, that the invoices in its name were delivered to it with delivery slips signed in its name by one Carlson. Carlson knew what he was doing, and the jury could well have found that Mr. Walstad, president and manager of both companies, knew not only that the goods were invoiced but also that Carlson was receipting for them as sold to defendant.

November 22, 1922, defendant claims to have notified plaintiffs by letter that while the "first order" had been in its name the material really was for the window corporation and that the name should be "changed on the account." Plaintiffs denied the receipt of any such letter. If written, it contained the statement of Mr. Walstad that "I have been busy and have not taken time to explain this to you or have the name changed on the account." That is in contradiction of his testimony that in July of 1922 he had notified plaintiffs that the window corporation rather than defendant was the purchaser. From July 28 to November 22, the date of the alleged letter, there had been 18 invoices, and from November 22 on to October 10, 1923, when the account was closed, there were 29 more. There is evidence that all were invoiced and receipted for in the name of defendant. The evidence is such as to justify the belief that Mr. Walstad knew what was being done and that neither he nor anyone else then suggested that defendant was not the purchaser. The verdict to that effect is sustained by evidence.

▪ There is also an attempt to defend upon the ground that by novation the window corporation was substituted for defendant as the debtor of plaintiffs. Aside from the question whether that de-

562

fense was admissible under the pleadings, there is no evidence to support it. There can be no novation unless it be "agreed between the three parties that the old debtor shall be discharged and the new party substituted in his place, in other words, that the debt be discharged as to the old debtor and assumed by the new party." 5 Dunnell, Minn. Dig. (2 ed.) § 7238, citing, inter alia, Maddy v. National Life Ins. Co. 156 Minn. 375, 194 N. W. 880. There was no such evidence, defendant's tending only to prove that upon its repudiation of the account plaintiffs made an unsuccessful attempt to charge the window corporation, failing in which they came back upon the defendant.

■ There was also an attempt to prove partial payments. The credits claimed were payments by the window corporation, other than those which were applied to items charged to defendant. All else aside, they were properly applied by plaintiffs to charges for goods admittedly sold to and received by the window corporation. It is beyond defendant's right to interfere with the state of the account between plaintiffs and the window corporation as settled by such payments and their allocation as stated.

Order affirmed.