GEORGE L. CORNWELL *vs.* JOHN MEGINS, impleaded, etc.

November 16, 1888.

Novation, how effected.—To constitute a novation of parties there must be an extinguishment of the old debt by a mutual agreement between all parties, whereby it becomes the obligation of the new debtor. The discharge of the old debt must be contemporaneous with and result from the consummation of an arrangement with the new debtor.

Plaintiff brought this action in the district court for Stearns county, to recover a balance due for timber cut under a stumpage contract made with the appellant Megins and the other defendants, S. F. Crockett and John J. Shotwell, on May 5, 1881. The defendant Megins, in his separate answer, alleged payment on June 15, 1886, and further alleged that, after the contract was made, the defendants organized a corporation, (the Dakota Lumber Co.,) which carried out the contract, and made to plaintiff the reports and payments required by the contract; that on December 2, 1885, Megins assigned to the other defendants all his stock in the company, in consideration that they should pay all its debts, and discharge all liability of defendants under the contract with plaintiff; that afterwards and in pursuance of the agreement between the defendants, and with knowledge

of Megins' transfer to his codefendants, the plaintiff, without the knowledge or consent of Megins, for a valuable consideration extended the time of payment of his claim, and on June 15, 1886, received from Crockett and Shotwell, in full payment, the negotiable note of the Dakota Lumber Co., due November 15, 1886, for the amount of the unpaid balance.

A jury was waived, and the action tried by *Baxter*, J., who ordered judgment for plaintiff, which was entered, and the defendant Megins appealed.

*C. E. Joslin*, for appellant.

*Reynolds & Stewart*, for respondent.

COLLINS, J. 1. If, as asserted in appellant's brief, defendants were copartners engaged in manufacturing lumber when the contract with plaintiff was entered into, May 5, 1881, the written contract fails to show it. On the contrary, it negatives such claim, as it is signed by the appellant, Megins, as an individual, by the other defendants, Crockett and Shotwell, as copartners.

2. There is no testimony to indicate that plaintiff knew, when dealing with defendants, that they had organized a corporation. He evidently knew that they were doing business as the Dakota Lumber Company; he received letters and remittances, and in his correspondence addressed them as such company; but this, of itself, is insufficient to relieve each person to the contract from his liability thereunder. In no manner did plaintiff release the defendants from their contract obligations.

3. The corporation was organized September 8, 1881, about six months after the contract was entered into. On December 2, 1885, appellant transferred half his stock therein to Crockett, and the other half to Shotwell, thus making them holders of all of the stock. Each executed an agreement to protect and save him harmless from any and all liabilities arising from his ownership of the stock so assigned. The appellant urges that by these instruments the makers assumed and promised to pay the debt in question. Whatever may be the legal effect of the agreements, it is not shown that plaintiff had any knowledge of their execution, or that, when purchasing the stock, Crockett and Shotwell assumed any obligation to liquidate the in-

debtedness. Notice that appellant had sold out, with a request that the plaintiff collect his claim of those to whom he had sold, is not information that they had undertaken its payment, or agreed to protect appellant from liability on his contract. As plaintiff was not notified and had no knowledge of the agreement said to have been made when appellant sold out, the cases cited by his counsel (*Millerd* v. *Thorn*, 56 N. Y. 402, and others) cannot avail. In each of these the creditor of the partnership was advised that one or more of the partners had agreed with the others to assume and pay the debts of the firm. Possessed of this knowledge, the creditor took the negotiable promissory notes of those who should pay, and thereby, as held by the court, cancelled the claim against the firm. Such is not the case here. It is possible that, as between appellant and the purchasers of his stock, the latter are primarily liable; but it does not follow that the original debtors are released, or plaintiff's right to proceed against either or all affected. To prevent a recovery by him there must be proved facts which will constitute a novation of the debt, the essential elements of which are an extinguishment of the old debt by a mutual agreement between all parties, whereby it becomes the obligation of the new debtor. The discharge of the old debt must be contemporaneous with and result from the consummation of an arrangement with the new debtor. 1 Pars. Cont. 271; *Kelso* v. *Fleming*, 104 Ind. 180, (3 N. E. Rep. 830.) As plaintiff had no knowledge of the alleged assumption of the debt by Crockett and Shotwell, and did not consent thereto, the judgment must be and is affirmed.

NOTE. A motion for reargument of this case was denied November 27, 1888.