GUST. LILLYBLAD *vs.* CHARLES F. SAWYER.

Argued by appellant, submitted on brief by respondent, April 16, 1894.    Affirmed April 20, 1894.

No. 8579.

**Evidence received held relevant to the issue.**

In an action against defendant on a note which he signed as surety, and which he claims he signed at plaintiff's request, and which was given to the plaintiff as payee to renew or discharge a prior note held by a third party, on which plaintiff was liable, but defendant was not, and as to which defendant claims that plaintiff was the principal debtor, *held*, under the issues in this case, it was competent, as against defendant's objection, to admit evidence sufficient to show which of the parties to the last-named note were in fact the principal debtors, and which were in fact the sureties.

**Findings supported by the evidence.**

Evidence *held* sufficient to sustain the findings.

Appeal by Charles F. Sawyer, one of the defendants, from an order of the Municipal Court of the City of Minneapolis, *Stephen Mahoney*, J., denying his motion for a new trial.

The plaintiff, Gust Lillyblad, and George W. Turnbull were partners in a supply business in Minneapolis. They borrowed $300 at the Swedish American Bank and gave it their note for the amount. Lillyblad soon after sold his interest in the firm to C. A. Bennett. Then Turnbull and Bennett formed a partnership and took the assets and agreed to pay the debts of the old firm.

They renewed the note at bank and plaintiff at their request signed with them. On January 1, 1892, they took in defendant, Charles F. Sawyer as a third partner and each of the three was to have an equal share in the assets and the new firm agreed to pay the liabilities. This new firm was called the Northern Supply Company. In about fifteen days thereafter Bennett sold his interest in the firm to his partners and Sawyer and Turnbull became equal co-partners in the business under the same firm name taking the assets and assuming the liabilities of the previous firm. The note at bank fell due and was renewed for ninety days by a new note signed by Charles F. Sawyer and George W. Turnbull payable to plaintiff and indorsed by him. When this note fell due plaintiff paid the bank and took the note and brought this action upon it against the makers. Sawyer alone defended. He claimed that he never assumed to pay the debt to the bank and that he signed the note for the accommodation of Turnbull and plaintiff to assist them in settling their private matters in which he had no interest. A jury was waived. The judge made findings of these facts and ordered judgment for plaintiff against both defendants. Sawyer moved for a new trial but was refused and he alone appeals.

*C. F. Sawyer* and *W. A. McDowell*, for appellant.

*Penney & Hayne*, for respondent.

CANTY, J. This is an action brought on a promissory note made by defendants Sawyer and Turnbull to plaintiff. The defendant Sawyer answered that plaintiff and Turnbull represented to him that they were indebted to the Swedish American Bank in the amount of the note; that he signed the note in question at their request, and for their accommodation, before it was filled up; and

that they agreed to sign it and fill it up to the bank, and take care of it when due, and that it should be used to take up a note which the bank held against plaintiff and Turnbull.

On a trial before the court without a jury the findings and order for judgment for plaintiff were made and filed, and from an order denying a motion for a new trial defendant Sawyer appeals.

It was proved, against Sawyer's objection, that prior to September 3, 1891, plaintiff and Turnbull were in partnership in business, and gave to the bank a note for the amount of the note in suit; that on that day one Bennett bought the interest of plaintiff in the firm, and formed a partnership with Turnbull to continue the business, and the new firm for a valuable consideration agreed to pay this note; that afterwards, on October 29, 1891, this note was renewed by plaintiff and Bennett giving the bank their note, but the debt was still the debt of Bennett and Turnbull; that about January 1, 1892, Sawyer came into the firm, and Bennett went out in about fifteen days afterwards. The firm at this time was called the Northern Supply Company.

The admission of this evidence was not error. It became material to ascertain whether plaintiff was a principal debtor or a mere surety as to the debt due the bank. Sawyer, as surety for some one, signed a note, which was used to renew or discharge this debt, and, if plaintiff was one of the principal debtors, he could not recover of his own surety, whether that surety signed at his request or not.

The court found that Turnbull and Bennett were the principal debtors, and that Sawyer signed the note in suit at the request and for the accommodation of Turnbull, and that Turnbull did not sign the previous note himself, because the bank did not consider him responsible, and did not want his name on its paper; and we are of the opinion that there is sufficient evidence to sustain these findings.

The court does not find on the question of whether or not, as between himself and Sawyer, plaintiff continued to be a surety for the debt, or whether or not for such reason he should be allowed to recover only one-half the debt by way of contribution between sureties, and the question is not raised on this appeal.

There are no other assignments of error worthy of consideration, and the order appealed from should be affirmed. So ordered.

(Opinion published 58 N. W. 687.)