ANDREW NELSON et al. vs. ANNA LARSON.

Argued April 10, 1894.   Affirmed April 20, 1894.

: 57   133|
, 82   222|

No. 8617.

**No consideration for a promise to pay the debt of a deceased person.**

In an action against the widow, who is the administratrix of the estate of her deceased husband, brought to recover of her the amount of a promissory note made by him to plaintiffs, on the ground that after his death she agreed to pay the note, and in consideration thereof they agreed to release his estate, *held* that, plaintiffs having failed to prove that they did so agree to release his estate, her promise to pay the debt is without consideration, within the statute of frauds, and void.

Appeal by plaintiffs, Andrew Nelson and B. P. Nelson, from a judgment of the District Court of Meeker County, *Gorham Powers*, J., entered September 22, 1893, that they take nothing by their action.

*Christensen & Tuttle*, for appellants.

A conversation or agreement should be given the interpretation the parties intended for it, if that intention can be ascertained from the language and conduct of the parties.   If the minds of the parties meet the particular form of the language is immaterial.   *Pendill* v. *Neuberger*, 67 Mich. 562; *Brown* v. *Orland*, 36 Me. 376.

To ascertain the meaning of the words used orally between the parties is within the province of the jury and the case should have been submitted to them.   *Burnham* v. *Allen*, 1 Gray, 496; *Hughes* v. *Tanner*, 96 Mich. 113.

The consideration was the release of the estate by not filing the claim in the Probate Court.   The forbearance of a remedy is a good consideration.   *Gaslin* v. *Pinney*, 24 Minn. 322; *Andreas* v. *Holcombe*, 22 Minn. 339.

*Peterson & Kolliner*, for respondent.

Although defendant agreed to pay this claim against the estate it appears that the plaintiffs agreed to nothing—absolutely nothing.   They nowhere agreed to release the estate or to forbear fil-

ing this claim. Her promise was void for want of consideration. It was contrary to that provision of the statute of frauds which provides that "Every special promise to answer for the debt, default or doings of another must be in writing." *Sidle* v. *Anderson*, 45 Pa. St. 464; *Hester* v. *Wesson*, 6 Ala. 415; *Dillaby* v. *Wilcox*, 60 Conn. 71.

CANTY, J. The plaintiffs held the promissory note of one Andrew Larson, who died leaving the note partly unpaid. After the widow had applied for letters of administration, one of the plaintiffs had a conversation with her, in which it is claimed he told her he would have to file their claim in the Probate Court before he went to Europe. She answered that he need not; that she would pay it. "You shall not lose a dollar." She repeated several times that she would pay it, and that he need not file it in the Probate Court, and he answered her, "Then I do not need to bring it to the Probate Court?" and she answered, "No, sir." The plaintiffs, relying on her promise, did not file their claim against the estate until after the time for creditors to file claims had expired, and then they brought this action against the widow, alleging that they entered into an agreement with her whereby she agreed to pay to them the sum remaining due on the note, and in consideration thereof they "agreed not to file said note and claim in the Probate Court." On the trial the only evidence given to prove this agreement was the conversation above stated. When the testimony was closed, the court ordered a verdict for the defendant, and from the judgment entered thereon plaintiffs appeal.

Plaintiffs do not claim to recover on the theory that the defendant Anna Larson guarantied the payment of this debt, which would require a new consideration, and a written guaranty expressing that consideration, to take it out of the statute of frauds; but they claim against her on the theory that she became substituted as the debtor; that she promised to pay the debt, and in consideration thereof they agreed to release the estate of her husband.

There is sufficient evidence to show that she promised to pay the debt, but we are of the opinion that there is not sufficient evi-

dence to show that the plaintiffs in turn agreed to release the estate. His answer to her, "Then I do not need to bring it into the Probate Court?" is not an agreement on his part that he would not; and, if he had filed it in the Probate Court, this conversation would not have been sufficient to prove that plaintiffs had agreed to release the estate.

The judgment below should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 687.)

