HANS HANSON v. ANDREW NELSON.[1]

January 8, 1901.

Nos. 12,447—(227).

**Promise to Pay Debt of Another.**

>   Where a party promises to pay the note of another to satisfy the importunity of the owner of the note, such promise to be valid, must be in writing, unless there be a novation by the substitution of a new debtor and a release of the old one.

**Novation.**

>   A legal novation requires a new promise from the substituted debtor, as well as a release and extinguishment of the claim against the original debtor; and such substitution must be explicitly expressed, and assented to by each of the three parties interested.

**Same—Evidence.**

>   Such novation cannot be established by the mere silence of the original debtor, when the new promisor verbally agrees to pay his debt to the creditor, because the original debtor was too sick to talk, and the creditor "did not want to trouble him."

Action in the district court for Waseca county to recover $50 and interest on a special promise to pay one-half of the amount of a promissory note. The case was tried before Cray, J., who at the close of plaintiff's testimony granted a motion to dismiss the action on the ground that plaintiff had failed to prove a cause of action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. B. Andrews,* for appellant.

*E. B. Collester* and *P. McGovern,* for respondent.

LOVELY, J.

Action to recover the one-half of a note of $100 given by Charles Nelson and another to plaintiff, which it was claimed defendant, the father of Charles Nelson, had assumed as his own debt. At the close of plaintiff's case the action was dismissed by the court. Plaintiff moved for a new trial upon a settled case containing the

[1] Reported in 84 N. W. 742.

evidence. From the order overruling the same he appeals to this court.

The material allegation in the complaint is that, "for good and sufficient consideration, defendant agreed with plaintiff that he would pay to plaintiff one-half of aforesaid note, and the one-half of the interest thereon." Upon this pleading it might be presumed that the agreement of the defendant to pay the debt of his son was in writing, but it appeared at the trial that such promise was verbal and, unless there was a new consideration therefor, would be clearly void, under the statute of frauds, as a promise to pay the precedent debt of another. G. S. 1894, § 4209. Plaintiff, however, sought to establish a novation between the plaintiff, one of the makers of the note, and defendant, his father, whereby it was agreed that the father should assume his son's debt upon the consideration that the latter should be released.

The son of defendant, at a time after the note became due, was sick at his home, where plaintiff called and demanded payment of his share of the amount due on the note. The son was unable to pay the same, but sent for his father, who came in shortly after, and while the son was lying on the lounge. Defendant stated in his presence, "I will pay Charlie's debt." Plaintiff said, "I was satisfied with that, because I didn't have to trouble a sick man." The father also said that he did not want his son bothered, as he was sick; that he would pay the son's debts; and that plaintiff might look to him. But it does not appear that there was any clear or distinct promise on the part of the plaintiff to release the son and substitute defendant in his place concurred in or assented to by the son. To the statement made by the defendant that he would "pay Charlie's debts," the son said nothing. In response to a question as to what the son said, the plaintiff, who was the only witness to support his claim in this respect, stated, "Well, Mr. Nelson [defendant] said that he was going to pay it, and then I didn't trouble Charlie [the son], because he was so sick he could hardly answer what I asked Charlie." While there were many repetitions of a like character, the proof does not go further than the facts above stated in support of the claim that the son participated in an

agreement to substitute his father as the payee of his share of the note, or to show that his own release was the new consideration that induced the father to make the promise upon which this suit is brought. The proofs failed in this very essential respect to establish a novation between plaintiff, the defendant, and the son, who was the original debtor, upon which a new consideration for the substituted promise of the father must be based, since such new consideration could only be an absolute release of the son from the claim of his creditor, in which he, as well as the plaintiff and defendant, must unite, and by which the debt against the son would be extinguished. Johnson v. Rumsey, 28 Minn. 531, 11 N. W. 69; Cornwell v. Megins, 39 Minn. 407, 40 N. W. 610; Nelson v. Larson, 57 Minn. 133, 58 N. W. 687.

The testimony fails to show that the son assented, either verbally or by any sign of approval, to the proposition that the plaintiff would look to his father, instead of to him, to pay his debt. As plaintiff states, "he was too sick to talk, and did not answer." His silence under these circumstances cannot be treated either as a consent to the assumption of the debt by his father, or an acceptance of his own release, as a consideration therefor; and we cannot infer from his silence under such circumstances the explicit agreement necessary to show a new consideration, or an actual change of debtors. In other words, the son was not shown by proper evidence to be an actual party to the arrangement between his father and the plaintiff, and, in an action by plaintiff against the son, the latter could not have supported, upon the facts proved, his own release from the original debt. It follows that the father was not substituted by a legal novation in his son's place.

The order of the district court is affirmed.