KLINKOOSTEN, Appellant, v. MUNDT, Respondent.

(156 N. W. 85.)

(File No. 3841.   Opinion filed February 1, 1916.   Rehearing denied April 11, 1916.)

**Novation—Promissory Note—Payee's Acceptance of Third Party's Assumption of Debt, Distinguished From Novation—Directing Verdict.**

Where the maker of notes transferred the goods for which they were given to one who, in a letter to payee, agreed to assume the rights and obligations of the maker under the contract of purchase of the goods, and to pay the notes, and stated that it was agreed between maker and the vendee that on the carrying out of the original agreement concerning the goods, the original vendors were to issue a bill of sale to the writer of the letter, in which letter there followed an authorization, signed by the maker of the notes, to the payee, to issue

a bill of sale to the maker's vendee, when the original contract of sale had been met and the notes paid, and the payee of the notes subscribed its name to the word "accepted" at the bottom of said letter, **held,** that such acceptance did not constitute a novation between the parties, there being no assent or agreement by the payee that the transferee of the goods be substituted in place of the maker of the notes as a debtor; that in order to constitute a novation there must be either an express or implied agreement by the creditor to substitute the new debtor in place of the original, and also an express or implied agreement to release and discharge the original debtor; and the trial court erred in refusing to direct a verdict on the note in suit.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by Jacob Klinkoosten, against William J. Mundt, to recover upon a promissory note. From an order overruling plaintiff's motion for directed verdict, and from a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Horner, Martens & Goldsmith,* for Appellant.

*John A. Holmes,* for Respondent.

Appellant cited: Civ. Code, Sec. 1181, 1182; Barnard & Leas Man. Co. v. Galloway, 5 S. D. 205; Lemon v. Little, 21 S. D. 628; Grissel v. Bank of Woonsocket, 12 S. D. 93; Harrington Wiard Co. v. Bloomstron Mfg. C., 131 N. W. (Mich.) 550; McAllister v. McDonald, 106 Pac. (Mont.) 882; Stennfald & Co. v. Wing, 128 Pac. (Ariz.) 354.

Respondent cited: Civ. Code, Sec. 1185; Mee v. Carlson et al., 22 S. D. 365, and cases there cited; Am. & Eng. Ency. of Law, Vol. 21, p. 662.

McCOY, J. Plaintiff, as assignee of the original payee, brought this suit against defendant to recover upon a negotiable promissory note for $25 executed and delivered by defendant to the Unitype Company. There was judgment in favor of plaintiff in the justice court, from which defendant appealed to the circuit court. In circuit court there was a verdict and judgment in favor of defendant. At the close of all the evidence plaintiff moved the court for a directed verdict in favor of plaintiff, on the ground that the undisputed testimony shows that plaintiff purchased the note in due course in good faith, in the ordinary course of business for value before maturity, and that the undisputed evidence shows no

defense, in that it does not show a release or novation. The motion was denied, to which ruling plaintiff excepted. Plaintiff now assigns such ruling as error.

Defendant admitted the execution of the note. The defendant pleaded as a defense that prior to the transfer of said note to plaintiff the Unitype Company released defendant from the payment of said note and agreed in writing to accept as payor in lieu of defendant the Messenger Publishing Company. It appears from the evidence that at the time of the execution of said note defendant was the properietor of a printing and publishing business, and purchased certain printing machinery from the Unitype Company, and gave 46 notes, amounting to $1,450 in consideration of the purchase price of said machinery, the note in question being one of such notes. Under the contract for the purchase of said machinery it was provided that the title to such machinery should remain in the Unitype Company until the full payment of said notes. After the making of this contract, and before the maturity of said note, defendant sold and transferred his printing and publishing business and said machinery to the Messenger Publishing Company. About the time this sale and transfer were made to the Messenger Company, defendant wrote the Unitype Company that he had made such sale; that the Messenger Company had agreed to make new notes for those remaining unpaid for such machinery, and would assume the entire obligation of defendant, provided the Unitype Company would consent to take their notes. The Messenger company also wrote the Unitype Company in substance as follows: We have purchased the interest of Mundt in his contract under which the Unitype typesetting machine was installed. We, therefore, assume the rights and obligations of Mundt in the contract, and agree to pay the unpaid notes given by him, and carry out all his obligations under the terms of the agreement. It is agreed between Mundt and the Messenger Company that on completion of the payment of the balance of these notes and the carrying out in full of the terms of the agreement, you are to issue a bill of sale for said machinery to the Messenger Publishing Company. This letter was signed by the Messenger Publishing Company by its president, and at the bottom thereof, over the signature of defendant, appeared the following:

"The Unitype Company is hereby authorized to issue a bill of sale to the Messenger Publishing Co. for the above-described machine when all the terms of the contract have been fully met and all the notes given under the same duly paid."

Also on the bottom of this letter appears the following:

"Accepted. The Unitype Co., by E. J. Andrews, Treas."

The note in question was never paid. The Messenger Publishing Company never executed and delivered to the Unitype Company its notes in place of the notes given by defendant. In order to constitute novation, there must be either an express or implied agreement on the part of the creditor to substitute the new debtor in the place of the original debtor, and also an express or implied agreement to release and discharge the original debtor. Kelso v. Flemming, 104 Ind. 180, 3 N. E. 830; Carpy v. Dowdell, 131 Cal. 495, 63 Pac. 778; Dempsey v. Pforzheimer, 86 Mich. 652, 49 N. W. 465, 13 L. R. A. 388; Cornwall v. Megins, 39 Minn. 407, 40 N. W. 610; Piehl v. Piehl, 138 Mich. 515, 101 N. W. 628; Hanson v. Nelson, 82 Minn. 220, 84 N. W. 742; Lowe v. Blum, 4 Okla. 260, 43 Pac. 1063; Roberts v. Samson, 50 Neb. 745, 70 N. W. 384; Page, Contracts, 958; 29 Cyc. 1132. All that the Unitype Company ever assented to, as shown by the correspondence, was that the Messenger Publishing Company might assume the rights and obligations of defendant under the contract and make payment of the notes given by defendant, and when said notes had all been fully paid and satisfied, it would transfer title to the machinery to the Messenger Publishing Company. There was no assent or agreement, either express or implied, that the Messenger Company be substituted in place of defendant as a debtor to the Unitype Company. There was no assent or agreement, either express or implied, to discharge or release defendant. In most of the adjudicated cases where it has been held that implied novation had occurred there were circumstances such as the delivery to the original debtor of his notes and new notes taken in place thereof, or other circumstances, indicating an intention on the part of the creditor to accept the new debtor in place of the old, and to release and discharge the obligation as against the original debtor. No circumstances of that character appear in this case. We are of the view that the court erred in

overruling the motion to direct a verdict for plaintiff; no defense of release by novation having been shown.

The judgment and order appealed from are reversed, and the cause remanded.

SMITH, J. (concurring). The actual contract between the parties was contained in the letter written by the Messenger Company to the Unitype Company, with the indorsements thereon signed by all the parties. The proposed agreement stated in Mundt's letter that the Publishing Company would execute its notes in lieu of Mundt's notes was abandoned when the parties signed a contract which was complete in itself, and which did not contain the agreement to accept the notes of the Publishing Company in place of Mundt's notes. If this agreement had been inserted in the contract actually signed by the parties, the novation would have been complete. The agreement of the Publishing Company to pay Mundt's unpaid notes amounted only to a written guarantee of such notes, at least as between the Publishing Company, and the Unitype Company. Whether this part of the contract created any obligation as between Mundt and the Publishing Company is immaterial in this case. It certainly did not amount to an agreement on the part of the Unitype Company to release Mundt's notes and accept the Publishing Company alone as its debtor, which was essential to constitute a contract of novation. Civil Code, §§ 1181-1183.

A contract of novation is effective between the original creditor and the new debtor. The original debtor, if sued upon the original obligation, may plead a valid contract of novation as an accord and satisfaction of his indebtedness. If a valid contract of novation is not proved, the defense of accord and satisfaction fails.