## STATE v. HARRY L. WOOD AND OTHERS.[1]

January 20, 1928.

No. 26,449.

**No novation was created by consolidation of two banks under 1925 statute.**
    1.  The consolidation of two state banks under the provisions of L. 1925, c. 156, does not create a novation as to a creditor of one of the banks who, after consolidation, treats the merged bank as his debtor and demands payment of his deposit account from that bank.

**Sureties on depository bond are not released by such consolidation.**
    2.  The sureties on a bond to secure state deposits in a bank are not released by the consolidation or merger of the bank with another bank under the law above referred to.

Depositories, 18 C. J. p. 590 n. 51 New.

Action in the district court for Marshall county to recover from the sureties upon a depository bond. There were findings for the plaintiff, and defendants Andrew N. Eckstrom, George A. Johnson, Otto J. Johnson, and Olaf M. Loyd appealed from an order, Grindeland, J. denying their motion for a new trial. Affirmed.

*A. N. Eckstrom,* for appellants.

*Clifford L. Hilton,* Attorney General, and *William H. Gurnee,* Assistant Attorney General, for the state.

OLSEN, C.

Appeal by defendants, other than Harry L. Wood, from an order denying their motion for a new trial.

On May 27, 1925, the State Bank of Grygla, hereinafter referred to as the State Bank, was consolidated with and taken over by the Citizens State Bank of Grygla, pursuant to L. 1925, p. 142, c. 156. At the time of the consolidation, the State Bank was a state depository and had on deposit the sum of $4,769.75 of state funds. Defendants are sureties upon the depository bond theretofore given by the State Bank to secure such deposit. After the consolidation

[1]Reported in 217 N. W. 360.

the state treasurer notified the consolidated bank that, in order to retain this deposit, it would have to furnish a new depository bond. The bank apparently was unable to furnish the new bond. Thereupon, on September 11, 1925, the state treasurer issued and caused to be presented to the consolidated bank a so-called transfer check, drawn on the State Bank aforesaid, for the payment and transfer of these funds to the Merchants National Bank of St. Paul. The consolidated bank was unable to pay this check, and it was returned unpaid. During the time from May 27 to September 25, 1925, several letters in reference to the deposit passed between the state treasurer and the consolidated bank, by which the treasurer demanded that a new bond be given and informed the bank that otherwise he would have to withdraw the deposit, and the bank repeated its inability to furnish the bond, suggesting at one time that it might be able to give a bond, with individuals as sureties, to cover part of the amount required. No bond was given. On November 9, 1925, the consolidated bank was closed and taken over by the commissioner of banks. No part of the deposit in question has been paid. Demand for payment was made on the banks and on these sureties on November 12, 1925. The case was tried before the court and findings made and judgment ordered for the plaintiff.

The defense presented is the claim that by the consolidation of the two banks the state's funds were transferred to the consolidated bank with the knowledge and consent of the state and were thereafter permitted to remain in the consolidated bank and that these bondsmen were released; that there was a novation and that plaintiff, by its conduct if not expressly, consented thereto and is now estopped from claiming it had not accepted the new debtor.

When these funds were deposited by the state in this bank, title to the money so deposited passed to the bank and the relation of debtor and creditor was created. The State Bank thereafter owed the state that amount of money, and the state was a creditor of the bank to the extent of such deposit. It was a preferred creditor under our statutes, but did not hold legal title to any of the money or assets in the bank. There was no transfer to the consolidated bank of any property owned by the state. The most that the con-

solidation could do was to make the consolidated bank liable to the state for the same debt owed by the State Bank; to make the consolidated bank a debtor to the state. If there was a novation, so that the State Bank was released, that of course would release the sureties on the bond of the State Bank.

It appears that on September 12 and again on September 18 the consolidated bank wrote to the state treasurer, stating each time that it was unable to pay the transfer check and unable to give the required bond, but urging that some way be found to adjust or work the matter out. On September 25 the deputy state treasurer wrote to the bank and stated that the treasurer had directed him to request that the bank forward to the treasurer $500 per week until the account was closed. In the same letter he said: "Inasmuch as you are unable to furnish either one of the three bonds  *  *  * it will be necessary for this department to close the account." The bank promptly answered that it could not pay the $500 per week. The substance of the entire correspondence is that the treasurer at all times required that either a new depository bond be given or the money be paid, and that the consolidated bank at all times was unable or unwilling to comply with either request. It also appears that in the demand for payment and notice sent to defendants and the two banks on November 12, 1925, the state treasurer included the statement that: "Since the date of consolidation the Citizens State Bank of Grygla [being the consolidated bank] has been charged interest on said deposit as follows:". Then follow three items of interest.

1. To constitute a novation of parties as to the debtor, there must be an extinguishment of the debt or liability as against the original debtor and the shifting of the obligation to a new debtor by mutual agreement between all parties. Cornwell v. Megins, 39 Minn. 407, 40 N. W. 610. The substitution must be explicitly expressed and assented to by each of the three parties. Hanson v. Nelson, 82 Minn. 220, 84 N. W. 742.

Defendants contend that there was a novation created by law by the consolidation of the two banks under L. 1925, p. 142, c. 156, and that if the plaintiff, the state, consented to such novation, then

the novation was complete. This is a misconstruction of that law. Technically of course the state consents to the consolidation of all banks which comply with this law upon approval of the consolidation by the commissioner of banks, but there is a clear distinction between consent to the consolidation of two banks and consent to a novation. This law not only does not provide for a novation or release of either bank from its obligations, but carefully guards against any such result. It provides in § 5 that by the consolidation the corporate existence of each former corporation shall be merged into that of the consolidated corporation and the assets of the two corporations become and be the assets of the consolidated corporation, and that the consolidated corporation shall succeed to and discharge the liabilities and obligations of the merged corporations. But as to creditors of either corporation so merged it expressly provides that:

"Its rights, obligations, and relations to any person, creditor, depositor, trustee or beneficiary of any Trust, shall remain unimpaired * * * and its liabilities and obligations to creditors existing for any cause whatsoever shall not be impaired by such consolidation, * * * such obligations and liabilities shall continue as fully and to the same extent as existed before such consolidation."

Under this statute neither bank could create a novation by the mere act of consolidating. The banks were in fact prohibited from so doing. There is no evidence of any other act or agreement on the part of the banks to create a novation. So there was no novation here even if the state treasurer had by implication consented to accept the merged bank as the debtor. There was no novation because there is no evidence of any agreement on the part of either bank to create any novation except by operation of this law, which expressly forbids such result.

2. There is no evidence here requiring a finding that the state treasurer, by any act or declaration on his part, has consented, so as to bind the state, to any novation. After such consolidation both the consolidated bank and the State Bank were liable for this

deposit. The treasurer had two corporations, each owing the state the same obligation. In that situation he might demand payment from and proceed to judgment against either without releasing the other, the only limitation being that he could not collect more than once. Barnes v. Hekla Fire Ins. Co. 56 Minn. 38, 57 N. W. 314, 45 A. S. R. 438. As a public officer, it was the treasurer's duty not to release either debtor until the obligation was paid. Without a clear showing of any release of the State Bank by the treasurer, a finding to that effect could not. be sustained. The evidence as to any novation or release of the bank in this case is less persuasive than in the case of County of Lyon v. First Nat. Bank, 166 Minn. 109, 207 N. W. 138. These sureties were therefore not released by the consolidation of these banks or by any acts, declarations or omissions of the state treasurer; and the finding of the court that the sureties were not released is sustained by the evidence and should stand.

Order affirmed.

HILTON, J. took no part.