## AARON C. DICK v. W. A. PIPER.[1]

February 21, 1930.

No. 27,732.

*Finstad & Juhnke* and *Farmer & Tighe,* for appellant.
*Charles A. Flinn* and *L. S. Nelson,* for respondent.

[1]Reported in 229 N. W. 356.

STONE, J.

Suing for an instalment of the price of land, plaintiff had a directed verdict. Defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

The contract between plaintiff as vendor and defendant as vendee, made August 29, 1919, covers a farm in Cottonwood county. The purchase price was $19,404, all but $2,404 of which was payable in annual instalments of $500 each, beginning March 1, 1921. This action is for the recovery of the instalment of March 1, 1929, with interest due at that time on the whole unpaid balance, all instalments previously maturing having been paid.

In 1920 defendant, equitable owner of the land under the contract, negotiated the sale of the southerly 20 rods of it to one Rickert and of the rest to D. R. Walters. The two sales were worked out, not by separate contracts from defendant to his two purchasers, but by one from him to Walters covering the whole farm, and another, made simultaneously, whereby Walters contracted with Rickert to convey to him the 20-rod strip. The papers were drawn by an employe of the bank of which defendant is president and were prepared under his supervision. February 26, 1921, defendant assigned his contract with plaintiff to Walters. Such assignment explicitly authorized plaintiff to "issue deed" to Walters "in place of" defendant. August 19, 1926, plaintiff conveyed to Rickert his 20-rod strip. All the payments to plaintiff since defendant's assignment to Walters have been made by Walters or Rickert.

■ The argument that defendant has been released from the contract finds no support in the evidence. He admits that after his assignment to Walters plaintiff explicitly refused to release him. In vain does defendant resort to the conveyance of the 20-rod strip to Rickert as a self-prevention of performance by plaintiff which will prevent recovery. That conveyance, under all the evidence, must be held a part performance by him rather than an act disabling him from performing. It was an act done under the contract upon the procurement of defendant and in his interest. He is therefore in no position to say either that plaintiff thereby dis-

abled himself from performing or estopped himself from demanding performance by defendant.

■ Rickert's cash payment for the conveyance to him would go to the credit of Walters and of defendant also. It does not appear how that payment has been applied except for the inference that it was not in payment or reduction of the instalment now sued for. The record is in such shape that it is too late for defendant to raise the issue of payment, an affirmative defense which should have been pleaded. It is not provable under a general denial. First Nat. Bank v. Strait, 71 Minn. 69, 73 N. W. 645; First State Bank v. Utman, 136 Minn. 103, 161 N. W. 398. The answer makes no claim of payment, and no such claim seems to have entered into the theory of the defense as presented at the trial. At the close of the evidence there were motions to direct verdicts. That for defendant was upon three separately stated grounds, payment not being one of them. At the very close of the argument there did come from the defense a belated suggestion that Rickert's payment "should reduce this payment," the one in suit. The issue not having been made by the pleadings nor litigated by consent, it cannot be brought forward now as ground for reversal. It is enough to say that there will be nothing in the judgment which determines this action to prejudice defendant's right to insist ultimately upon the credit he is entitled to for all payments, by whomsoever made, on his contract with plaintiff.

■ There is no merit in the suggestion that by novation Walters was substituted in place of defendant as the sole debtor to plaintiff under the contract. "The essentials of a novation are well known. * * * It must appear that the old debt was extinguished and became the obligation of the new debtor as the result of the mutual agreement of all the parties concerned." County of Lyon v. First Nat. Bank, 166 Minn. 109, 112, 207 N. W. 138, 139. An agreement between the old and the new debtor that the latter shall take the place of the former does not make a novation. Agreement between the three parties, the creditor and the old and new debtors, that the former shall be discharged and the new party substituted

in his place, is the thing that makes a novation. Cornwell v. Megins, 39 Minn. 407, 40 N. W. 610; Hanson v. Nelson, 82 Minn. 220, 84 N. W. 742. The testimony of defendant himself establishes that plaintiff expressly refused to become a party to the arrangement which defendant would have liked to call a novation.

Order affirmed.