T. K. FIKKAN v. FRANTZ L. HOLTER AND ANOTHER.[1]

April 4, 1930.

No. 27,716.

*Lloyd J. Hetland* and *Christian G. Dosland,* for appellant.
*Julius J. Olson* and *Oscar R. Knutson,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying his motion for a new trial.

T. T. Fikkan sold land to defendants in April, 1924. They gave him their promissory notes aggregating $5,316.43 secured by a second mortgage on the land. In May, 1926, defendants sold the mortgaged land to one Olimb, who assumed and agreed to pay said $5,316.43. Said Fikkan died in 1928, and plaintiff, the representative of his estate, prosecutes this action for personal judgment against defendants as makers of the matured notes included in and secured by said second mortgage. Defendants plead a novation, claiming that decedent was present when Olimb assumed said indebtedness, that he accepted Olimb as his debtor in place of defendants, and that he released defendants from their liability in the matter. The claim is that the court should have directed a verdict for plaintiff and that the evidence does not sustain the verdict for defendants.

Decedent participated in the negotiations and witnessed the Olimb deed. He was interested in the deal going through so he would not have to take the land back. He did not wish that. The transaction was closed in the bank of Oslo. Mr. Figenskau prepared the papers. While the parties were together the notes and second mortgage were mentioned. Defendants asked about getting their notes back. Mr. Figenskau suggested that Olimb assume the second mortgage and let the existing second mortgage stand and thereby save the registration tax and recording fees. Decedent took part in this talk. Immediately following the consummation of the transaction and before the parties separated decedent said to Mr. Holter, "Now I am through with you." In the transaction Mr. Holter asked for his notes, and Mr. Figenskau said it was not necessary to change the notes. After that day decedent left his

papers with the banker and thereafter looked to Olimb for his money. He visited at defendants' home but never asked them for money or in any way intimated that he still considered them liable to him on their notes. In 1927 Olimb had a crop failure and could not pay, but decedent did not call upon defendants for the money.

This evidence, together with the circumstances and permissible reasonable inferences therefrom, is sufficient to warrant the jury in concluding that all the parties consented to the substitution of Olimb as the debtor instead of defendants; that there was a sufficient consideration for such agreement; that defendants' debt was extinguished; and that Olimb's debt, in place thereof, was created. If so there was a novation. All the parties were competent to contract. Olimb's agreement is definitely established.

The important question here relates to whether Fikkan agreed to accept Olimb as his debtor and because thereof to release defendants. The existence of such an agreement need not rest in a direct expression to that effect, but it may be determined from all the facts and circumstances in the case. We reach the conclusion that the evidence sustains the verdict. County of Lyon v. First Nat. Bank, 166 Minn. 109, 207 N. W. 138; State v. Wood, 173 Minn. 406, 217 N. W. 360.

■ Plaintiff urges that it was error for the court to receive the testimony wherein it was shown that at the conclusion of the transaction Fikkan said, "Now I am through with you," because novation cannot be established by the subsequent declaration of a party after the transaction in which the contract is alleged to have been made. 46 C. J. 626, § 73. We think, however, the statement here involved was a part of the transaction and not subsequent thereto. It was competent to show the intent or understanding of the parties. 46 C. J. 626, § 73.

■ Olimb was not incompetent under the statute, G. S. 1923 (2 Mason, 1927) § 9817, to testify concerning conversations with Fikkan, now deceased. Dale v. First Nat. Bank, 178 Minn. 452, 227 N. W. 501.

Affirmed.