TONY AND LEO, INC., Respondent,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY and Carl H. Peterson Company, Defendants and Third Party Plaintiffs, Respondents.

AID INSURANCE SERVICES, Defendant and Third Party Plaintiff, Appellant,

v.

MINNEHAHA TERRAZZO & CEMENT CORPORATION, Third Party Defendant, Respondent.

No. 48273.

Supreme Court of Minnesota.

July 20, 1979.

Sahr, Kunert & Tambornino and John L. Tambornino, Minneapolis, for appellant.

Stuart E. Gale, Bloomington, for Tony & Leo, Inc.

Moore, Costello & Hart, Larry A. Hanson, and Joan C. Maclin, St. Paul, for United States Fidelity and Guaranty Co. and Carl H. Peterson Co.

J. Robert Nygren, Minneapolis, for Minnehaha Terrazzo & Cement Corp.

Heard before ROGOSHESKE, PETERSON, and SCOTT, JJ., and considered and decided by the court en banc.

## ROGOSHESKE, Justice.

Defendant AID Insurance Services (AID), surety on a subcontractor's performance bond, appeals from an adverse judgment in an action on the bond by plaintiff Tony and Leo, Inc. (Tony & Leo). The principal issues raised are whether the trial court erred by permitting Tony & Leo to recover from AID on the bond and by refusing to permit AID to recover indemnity from Tony & Leo. We hold that the trial court decided both issues erroneously and, therefore, we reverse with directions to the trial court to modify its judgment in accordance with this opinion.

This lawsuit grew out of the involvement of the various parties[1] in the building of Edina West Senior High School. In September 1971, Tony & Leo, which until April 1972 was known as "Minnehaha Terrazzo and Cement Company" (Terrazzo I), submitted a successful bid to Carl H. Peterson Co. (Peterson), the general contractor, on the subcontract for cement work on the new high school. The contract entered into between Terrazzo I and Peterson required Terrazzo I to furnish a performance bond in favor of Peterson. Frank Bray, who was

---

1. Because the same name is used to refer to two different corporate subcontractors, the following diagram, designed by the trial court, helps portray the relationships of the various parties:

| | | | |
|---|---|---|---|
| (general contractor) | Peterson Co. | – – – | USF&G (surety) |
| (cement subcontractor) | Terrazzo I (Tony & Leo) | – – – | AID (surety?) |
| (delegatee of subcontract) | Terrazzo II | – – – | AID (surety?) |
| (cement supplier) | Model Stone | | |

then secretary of Terrazzo I, obtained that performance bond from AID, which bond by express language disavows any liability of AID to persons other than Peterson, the named obligee.

On March 28, 1972, the operating assets of Terrazzo I were sold to Bray. Bray organized a new corporation but retained the name "Minnehaha Terrazzo and Cement Co." (Terrazzo II). Terrazzo I consequently changed its name to "Tony and Leo, Inc." One of the assets received by Terrazzo II was an assignment of the subcontract between Terrazzo I and Peterson.

Terrazzo II started work on the cement subcontract with Peterson but was unable to meet its payroll obligations and, therefore, withdrew from the job before completion. Terrazzo II was also unable to pay its cement supplier, Model Stone Co., for cement furnished. Peterson eventually learned that Terrazzo II was not the same as Terrazzo I, with whom it had contracted. Peterson called upon Terrazzo I, then Tony & Leo, to complete the subcontract. Anthony Favero of Tony & Leo retained the Mario Frazzon Co. to perform some parts of the subcontract. Peterson retained Victor Carlson & Sons, Inc. to finally complete the subcontract, at a cost of $3,265. Favero of Tony & Leo requested Peterson to pay the Mario Frazzon Co. from the proceeds of the subcontract, but it refused because it claimed there were no funds remaining from the amount allocated for the subcontract. Tony & Leo, therefore, paid Frazzon Co. and brought suit against Peterson and United States Fidelity and Guaranty Company (USF&G), its surety, to recover the amount it paid out.[2]

Model Stone Co. brought a separate lawsuit against Peterson, USF&G, Terrazzo II, and Mario Frazzon Co. to recover the cost of cement delivered by it to Terrazzo II. This action was consolidated for trial with the suit brought by Tony & Leo. Model Stone Co. recovered against Peterson, USF&G, and Terrazzo II. USF&G paid that judgment. At the close of the evidence, Tony & Leo amended its complaint to assert a claim on the performance bond furnished as required by Terrazzo I to Peterson and issued by AID. Subsequently, Peterson and USF&G amended their pleadings to conform to the evidence, asserting a crossclaim against Tony & Leo, Terrazzo II, and AID for recovery of the payment to Model Stone. Judgment was entered in favor of Peterson and USF&G against Tony & Leo, Terrazzo II, and AID for the amount paid to Model Stone. Peterson was furthermore granted indemnity from AID for any sums it might be required to pay to USF&G. Tony & Leo was granted judgment against Terrazzo II and AID for the amount paid to Mario Frazzon Co. and indemnity from Terrazzo II for all sums it might be required to pay to Peterson or USF&G.

■ Defendant AID first contends that Tony & Leo, previously Terrazzo I, named as principal on the performance bond, cannot make a claim on that bond against its surety, AID. The performance bond expressly states that "[n]o right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein [Peterson] or the heirs, executors, administrators or successors of Owner." This provision makes clear that the performance bond executed by Terrazzo I and AID was intended to run exclusively for the benefit of Peterson and its successors. Tony & Leo has no right of action on this bond against AID. The trial court's judgment holding that Tony & Leo recover from AID is, therefore, erroneous.

■ Defendant AID next contends that it is entitled to indemnity from Tony & Leo by the express terms of an indemnity agreement. Frank Bray, as secretary of Terrazzo I with authority to bind the corporation, signed the indemnity agreement on behalf of Terrazzo I. The trial court refused to allow AID indemnity from Tony & Leo because it found that AID, Terrazzo I, and Terrazzo II had entered into a novation

---

2. Tony & Leo also joined USF&G and AID on a claim of tortious interference with contractual relations, which the trial court properly concluded was not proved.

whereby AID completely released Terrazzo I and thereby Tony & Leo from all liability under the performance bond. Upon a careful examination of the entire record, we hold that, as a matter of law, there was not a novation. The trial court appears to have based its determination of a novation on evidence that AID acquiesced in Terrazzo I's assignment of the performance bond to Terrazzo II. A mere assignment does not absolve the assignor of its obligations under a contract. Where an assignor principal seeks to prove a novation in order to be discharged from a binding contract to indemnify its surety, a clearly defined expression of consent by the surety to release the assignor principal must be shown. See, *State v. Wood*, 173 Minn. 406, 217 N.W. 360 (1928); 6 Corbin, Contracts, § 1301. The record is devoid of evidence of any clear expression by AID that it intended to release Terrazzo I and thereby Tony & Leo from its obligations under the indemnity agreement. Close scrutiny of the record reveals that AID was confused about whether Terrazzo II represented a new corporation, new ownership, or simply new management of a corporation called "Minnehaha Terrazzo and Cement Co." This is certainly not the quality of evidence on which to ground a novation. Since evidentiary support for AID's agreement to a novation is lacking, we are compelled to hold that Tony & Leo remains liable to AID under the provisions of the indemnification agreement and AID is entitled to judgment against Tony & Leo on this issue.

 Finally, defendant AID's contention that Peterson and USF&G should not have been permitted to amend their pleadings after trial to conform to the evidence is without merit. The trial court found that the crossclaim which Peterson and USF&G wished to assert against Tony & Leo, Terrazzo II, and AID after trial raised no new material issues to be litigated and, therefore, properly permitted amendment of the pleadings under Rule 15.02, Rules of Civil Procedure. Peterson and USF&G, upon the evidence presented at trial, were thus entitled to recover from AID the amounts they had paid to Model Stone.

■ AID argues that it was foreclosed from developing defenses against Peterson and USF&G's crossclaim. The argument is simply unfounded. At the hearing to amend the pleadings, USF&G and Peterson stated that they had no objection to the reopening of the record to allow new evidence if AID had affirmative defenses to the crossclaim, and the trial court agreed to allow AID to reopen the record for this purpose. AID's subsequent failure to raise any affirmative defenses resulted in a waiver of any such defenses. Rule 8.03, Rules of Civil Procedure; 1 Minnesota Practice, Civil Rules Ann., p. 394.

Reversed with directions to the trial court to modify its judgment in accordance with this opinion.

OTIS, J., took no part in the consideration or decision of this case.