Edward G. SIGLER, et al., Respondents,

v.

FIRST AMERICAN NATIONAL BANK OF ST. CLOUD, Appellant,

John Terhaar, Respondent,

Harriet Terhaar, Respondent.

No. 82–112.

Supreme Court of Minnesota.

Oct. 29, 1982.

Winthrop, Weinstine & Sexton, Steven C. Tourek and Darron C. Knutson, St. Paul, for appellant.

Schmidt & Lund and Roger Putnam Schmidt, St. Cloud, for Sigler, et al.

John Terhaar, pro se.

Ronald F. Johnson, St. Cloud, for respondents.

KELLEY, Justice.

Defendant First American National Bank of St. Cloud seeks to appeal from a partial summary judgment[1] in favor of plaintiffs Edward G. and Hortense Sigler in this suit to collect a promissory note and to recover converted funds. First American opposed summary judgment in the trial court by asserting the affirmative defenses of estoppel and novation. The sole issue on appeal is whether the trial court erroneously determined that there were no genuine issues of material fact relating to these defenses. We have frequently stated that summary judgment must be granted cautiously, observing that it is not designed to provide relief in cases so one-sided that the same evidence at trial might warrant a directed verdict. 2 J. Hetland & O. Adamson, Minnesota Practice, Civil Rules Annotated 563 (1970).

The record before us reveals that this lawsuit arises out of a complicated series of loan transactions in the course of which First American's predecessor sold real estate mortgaged by Siglers, applied some of the proceeds to discharge debts of their son, obtained Siglers' signatures on a settlement and disclosure statement regarding the proceeds of the sale of the property, and gave Siglers a promissory note. First American contends that application of the proceeds to the son's debt was proper because Hortense Sigler orally promised to answer for the debt and to convey real estate to secure it. While such promises are normally unenforceable under Minn.Stat. § 513.01, .04 and .05 (1980), the statute of frauds, the doctrines of estoppel and part performance respectively may apply to take them out of the statute. *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 230 N.W.2d 588 (1975); *Ehmke v. Hill,* 236 Minn. 60, 51 N.W.2d 811 (1952). In our view, the questions of reasonable reliance on any oral guarantee found to have been made and of the existence of part performance are factual ones for trial.

First American also argues that signing the settlement and disclosure statement estops Siglers to claim conversion by it. The record indicates that the facts and circumstances surrounding execution of that document are in dispute. There is evidence that Siglers' acts constituted a knowing, or at best negligent, representation that they had been satisfied, and that First American reasonably relied to its detriment upon it purchasing the bank. Thus, this defense too presents several factual questions that require a trial for their resolution.

Finally, First American asserts that Siglers acceptance of a personal promissory note from its predecessor constituted a novation. The essential question in a claim of novation is whether the parties intended to extinguish the debt as against the original debtor and to shift the obligation to a new debtor. *State v. Wood,* 173 Minn. 406, 217 N.W. 360 (1928). In this context we see no impediment to an agent's acting both for his principal and personally so long as there is no inconsistency between the roles. Restatement (Second) of Agency § 391, comment b (1958). Under these circumstances we conclude that the intent of the parties must be determined by a finder of fact.

Reversed and remanded.

COYNE, J., took no part in the consideration or decision of this case.

---

1. Partial summary judgments on liability are unappealable under our recent decision in *Matter of the Commodore Hotel Fire and Explosion Case,* 318 N.W.2d 244 (Minn.1982). We, therefore, consider this matter under our power of discretionary review.