# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1530

_____

| | | |
|---|---|---|
| Thomas F. Botten, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Edward F. Shorma, Thomas D. Shorma, | * | District of Minnesota. |
| Patricia Shorma, Richard E. Shorma, | * | |
| Donald S. Shorma, William Shorma, | * | |
| David J. Shorma, Jane Shorma, | * | |
| Robert A. Shorma, Shelle Shorma, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2005
Filed: March 14, 2006

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Thomas Botten appeals from the district court's[1] dismissal with prejudice of his breach of contract claim. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

In September, 1994, Thomas Botten became PrimeWood Inc.'s President and Chief Operating Officer. The Shormas were PrimeWood's shareholders. On January 1, 1995, Botten and PrimeWood entered into the PrimeWood Executive Bonus and Deferred Compensation Plan (Employment Agreement).

In early 1998, PrimeWood merged with another company. At this time, Botten asserted that he was entitled to additional compensation under the Employment Agreement with respect to fiscal years ending in 1995, 1996, 1997, and 1998. To facilitate the merger, Botten, the Shormas, PrimeWood, and the parent company entered into an Assignment, Assumption and Novation Agreement (Assignment Agreement) on June 16, 1998. The Assignment Agreement terminated Botten's Employment Agreement with PrimeWood and provided that the Shormas would assume any liabilities arising out of the Employment Agreement.

On May 21, 2003, Botten made a written demand on the Shormas for recompense. The Shormas rejected the demand, and Botten commenced this lawsuit on or about January 27, 2004. In his breach of contract claim, Botten alleged that PrimeWood breached the Employment Agreement and that the Shormas were obligated to compensate Botten under the Assignment Agreement. The Shormas moved to dismiss Botten's complaint under Rule 12(b)(6) arguing that his claims were time-barred under Minnesota's two-year statute of limitations for wage claims. The district court dismissed the complaint with prejudice, and Botten appeals his breach of contract claim.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Stahl v. United States Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). We affirm only if the plaintiff can prove no set of facts that would entitle him to relief. Id.

The parties dispute whether Botten's claim arose from a general breach of contract, subject to a six-year statute of limitations, or a breach of an employment agreement, subject to a two-year statute of limitations. See Minn. Stat. §§ 541.05(1), 541.07(5) (2005). Minn. Stat. § 541.07(5) provides for a two-year statute of limitations for the recovery of wages or damages related to wages. The statute defines "wages" broadly to include "all remuneration for services or employment, including commissions and bonuses . . . where the relationship of master and servant exists." Id. "Minnesota courts consistently hold that all damages arising out of the employment relationship are subject to § 541.07(5)." Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368, 371 (8th Cir. 1997) (internal quotations and citations omitted). Here, the complaint specifically alleged that PrimeWood breached the Employment Agreement by failing to pay Botten certain bonuses and incentives. Where the gravamen of the action is a breach of an employment contract, the claim is essentially a claim for wages subject to the two-year statute of limitations period set forth in Minn. Stat. § 541.07(5). Portlance v. Golden Valley State Bank, 405 N.W.2d 240, 243 (Minn. 1987). Accordingly, we affirm the district court's application of Minn. Stat. § 541.07(5) to Botten's breach of contract claim.

Finally, Botten argues that the breach occurred when the Shormas rejected Botten's written demand for compensation on May 21, 2003. Using this date, Botten's claims would be timely under either the two-year or the six-year statute of limitations. The cause of action arose, however, when the terms of Botten's contract were breached. See Levin v. C.O.M.B. Co., 441 N.W.2d 801, 803 (Minn. 1989). When a contract sets a date for payment, the statute of limitations begins to run on that date. Honn v. Nat'l Computer Sys. Inc., 311 N.W.2d 1, 2 (Minn. 1981). The Assignment Agreement incorporates the Employment Agreement, which provides the schedule for bonus payments and deferred compensation. According to the schedule, the most recent breach was in 1998, more than four years before Botten filed suit. Botten's claims are therefore time-barred under the two-year statute of limitations.

The judgment is affirmed.

BEAM, Circuit Judge, dissenting.

In its search for an applicable statute of limitations, I believe the court relies upon the wrong contract. Thus, I respectfully dissent.

The court is correct that Botten had a "master and servant" relationship with PrimeWood, Inc., a North Dakota corporation (PrimeWood), Minnesota Statutes Section 541.07(5), creating the "employment contract" referenced by the panel majority, ante at 3. At no time did Botten have a master and servant relationship with the Shormas, especially one that generated "wages or overtime or damages," as "remuneration for services or employment." Minn. Stat. § 541.07(5).

PrimeWood, through Botten, its then president and COO, entered into negotiations with Woodcraft Industries, Inc., a Minnesota corporation (Woodcraft), which negotiations ultimately resulted in Woodcraft's 1998 purchase of PrimeWood. The pathway to this destination was not unobstructed. At the time of the inter-corporate bargaining, Botten and PrimeWood had an ongoing intra-corporate dispute over bonuses and other compensation allegedly due under the Executive Bonus and Deferred Compensation Plan (Executive Compensation Plan) portion of the Primewood-Botten employment contract. It is Botten's continuing claim for these past due payments that is the subject matter of this action. At the time of the 1998 purchase, much, if not all, of the existing claim had not expired under even a two-year statute of limitations.

Woodcraft opted not to inherit this dispute, apparently for at least three separate reasons. It wanted the sale to proceed expeditiously, it hoped to employ Botten in the merged firm, and it desired the dissolution of PrimeWood's Executive Compensation Plan, the writing giving rise to Botten's claim. Presumably a continuing quarrel with

-4-

one of its newly acquired executives over past benefits due from the recently acquired entity would have been inimical to a tranquil commencement of the combined operation.

Since Botten was to derive significant benefits from the successful combination of the firms, he also had reason to reach an amicable solution with Woodcraft and the Shormas. The Shormas sought to induce the speedy consummation of the sale because as the only shareholders of PrimeWood, they were in line to receive most of the fruits of the corporate sale.

Thus, PrimeWood, Woodcraft, Botten and the Shormas (as individuals) entered into an agreement dated June 16, 1998. Concurrently with the execution and delivery of this particular undertaking, an earlier contract for the PrimeWood purchase became final and PrimeWood became a "wholly-owned subsidiary of Woodcraft."

The June 16 document directly affects the viability of this appeal. Under the deal, PrimeWood agreed to assign and the Shormas agreed to "assume, pay and perform . . . all liabilities . . . [and] obligations [of PrimeWood], if any," under the Executive Compensation Plan with Botten. Botten, in turn, agreed to absolve PrimeWood and look only to the Shormas for the satisfaction of his claim and to release PrimeWood and Woodcraft from "any obligation . . . [and] liability . . . in connection with the Botten Agreement." PrimeWood also was to dissolve the Executive Compensation Plan that gave rise to Botten's claim.

While the court calls this PrimeWood-Shorma-Botten arrangement an "assignment agreement," ante at 2, it was, under Minnesota law, a new contract, in part at least a novation. "'A mere assignment does not absolve the [assignor's] obligations under a contract.'" Vetter v. Sec. Cont'l Ins. Co., 567 N.W.2d 516, 521 (Minn. 1997) (quoting Tony and Leo, Inc. v. United States Fid. & Guar. Co., 281 N.W.2d 862, 865 (Minn. 1979)). "When an *assignment* is made, . . . the assignor

remains liable if 'performance [by the assignee] is substantially different . . . than performance [promised] by the original party.'" S O Designs USA, Inc. v. Rollerblade, Inc., 620 N.W.2d 48, 54 (Minn. App. 2000) (emphasis added) (quoting Epland v. Meade Ins. Agency Assocs., Inc., 564 N.W.2d 203, 207 (Minn. 1997)). "If the other party consents to the delegation of duties, thus [as here] *completely substituting one party for another*, the proper term for the transaction is a 'novation.'" Epland, 564 N.W.2d at 207 (emphasis added). "A novation works to extinguish an original debt or obligation against the original debtor and shifts the debt by mutual agreement to a new party." Ehlen v. Johnson, No. C1-97-954, 1997 WL 769534, at *3 (Minn. App. Dec. 16, 1997) (unpublished).

Accordingly, under Minnesota law, Botten's wage claim against PrimeWood was extinguished by the new agreement (the novation) and the Shormas, for good consideration, assumed liability in the June 16, 1998, contract for Botten's existing claim and cause of action. While the measure of damages agreed upon in the June 16 contract may have been limited by the amount of the then existing claim for wages, the right to recover under the novation was a new contractual obligation. Looking to this new agreement for a statute of limitations, as we must, we discover that Botten was entitled to a six-year window of opportunity to commence his litigation. Minn. Stat. § 541.05.

I respectfully dissent.

_____